Battle, J.
 

 Independently of the effect of the award upon the rights of the parties, we have no doubt that the charge of his Honor in the Court below was correct. The division line between them when the partition was made in 1825, was the course indicated by the compass at that time, and it could not change with the variation of the needle. We agree also in the opinion expressed by his Honor after the trial, that he was wrong in not giving any effect to the award in the establishment of the disputed line. The submission and the award were both in writing and under seal, and the line thereby settled was a straight line from the admitted corner to its termination, according to the course indicated by the compass at the time when the award was made. This was a full, certain and final decision of the matter in dispute, as was settled by this Court in the cases of
 
 Miller
 
 v.
 
 Melchor,
 
 13 Ire. Rep. 439, and
 
 Moore
 
 v.
 
 Gherkin,
 
 Busb. Rep. 73. But it is contended by the defendant’s counsel, that admitting the award to be binding between the parties, so as to give the plaintiff’s lessor a right to relief in another forum, it neither divests the title of the defendant, nor precludes him from a defence in the action of ejectment; and for this his counsel cited the case of
 
 Crisman
 
 v.
 
 Crisman,
 
 5 Ire. Rep. 502, and some other authorities. Of the case of Crisman v. Crisman it may be remarked, that the submission was not by deed nor even in writing. Had it been, the Court intimate very strongly, that though the award could not have operated as a conveyance of the land, yet, it would have concluded the party against whom it was made, by way of estoppel, from disputing the other party’s [title, as was laid down in
 
 Morris
 
 v.
 
 *370
 
 Rosser, 3 East’s Rep. 15. "We are inclined to hold this to be the true doctrine; but it is unnecessary to resort to it in this case, because the matter of dispute submitted to the arbitrators was a question of fact, to wit, the location of the dividing line between the parties, and not a question as to the title of any certain parcel of land; and the decision of the umpire upon that question, concluded them, as it would have done upon any other matter of fact; and to this effect are the cases of
 
 Miller
 
 v. Melchor, and
 
 Moore
 
 v.
 
 Gherkin,
 
 above referred to. The judgment must be reversed, and a
 
 venire de novo
 
 awarded.
 

 Per Curiam.
 

 Judgment reversed.