*Doe on dem.* of MARGARET McLENAN *v.* K. C. CHISHOLM.

An abstract of a grant, as follows : " Sampson Williams 300 acres, Anson, on Mountain Creek, beginning at a pine, &c., [bounding it.] May 24th 1773, (signed) Jo Martin,"—shows with requisite certainty, that there is a grantor, Martin ; a grantee, Williams ; a thing granted, 300 acres ; and that a grant was executed on the 24th of May 1773.

Although, a party offering a grant in evidence, do not connect his own title with that of the grantee, still he may be interested in proving the title out of the State, *ex gr.* in order to shorten the period which ripens a color of title into a good title.

The *immateriality* of an error, on the trial below, must clearly appear, on the face of the record, in order to warrant the Court in treating it as surplusage.

(*Clarke* v. *Diggs,* 6 Ire. 159 ; *Candler* v. *Lunsford,* 4 D. and B. 19 ; *Reid* v. *Earnhardt,* 10 Ire. 516, cited and approved.)

EJECTMENT, tried before *Buxton, J.,* at Fall Term 1869, of MONTGOMERY Court.

The plaintiff claimed under a chain of title, beginning with

a grant from the State in 1825. In order to show title out of the plaintiff, the defendant offered in evidence, an abstract of a grant from the State, in the following terms: "Sampson Williams 300 acres, Anson, on Mountain Creek, beginning at a pine [then tracing the boundaries,] May 24th 1773. (Signed) Jo Martin."

The plaintiff objected, and the Court excluded it.

It is not necessary to report the other facts in the case.

The plaintiff had a verdict; Rule, &c.; Judgment and Appeal.

*Ashe and Battle & Sons,* for the appellant.

*Blackmer and McCorkle, contra,* cited and commented upon *Sumner* v. *Roberts,* 2 Dev. 527; *Warren* v. *Spivey,* 10 Ire. 182; *Beckwith* v. *Lamb,* 13 Ire. 400; *Morgan* v. *Bass,* 3 Ire. 245; *Dancy* v. *Sugg,* 2 D. and B. 515; *Bynum* v. *Thompson,* 3 Ire. 578; *Loftin* v. *Cobb,* 1 Jon. 406; *Berryman* v. *Kelly,* 13 Ire. 269; *Carson* v. *Mills,* 1 D. and B. 546; *Yarbro* v. *Harris,* 3 Dev. 40.

PEARSON, C. J. His Honor erred in rejecting "the abstract of a grant" (Exhibit A.), which was offered by the defendant. From the abstract it appears, with the requisite certainty, that Sampson Williams was the grantee, Gov. Martin the grantor, the three hundred acres of land therein described, the subject of the grant, and that a grant was executed, May 24th 1773. This is settled: *Clarke* v. *Diggs,* 6 Ire. 159; *Candler* v. *Lunsford,* 4 D. & B. 19.

It is said, in the argument, that this error did not affect the defendant's case, as he failed to connect his title with the Williams grant. There is no telling how far the defendant's case was affected by this error. Where there is error, its *immateriality* must clearly appear on the face of the record, in order to warrant this court in treating it as surplusage. In order to ripen his title by adverse possession, a party need not connect it with the original grant. That may be offered

simply to show title out of the State, in which case seven years adverse possession under color of title, will ripen it; Whereas, a much longer time is required, if title out of the State be not shown : *Reid* v. *Earnhardt*, 10 Ire. 516.

It is not necessary to enter further into the case. There is error.

PER CURIAM.                    *Venire de novo.*