WILLIAM CLARK v. D. M. WAGONER and others.

What are the termini or the boundary of a grant or deed, is a matter of law; where these termini are, is matter of fact for the jury. Therefore, where there was evidence tending to establish a certain corner at a particular place, it was error in the presiding Judge to say, as a conclusion of law, the corner was at a different place.

Where the defendants, deriving title under a grant dated in 1816, claimed up to a line from one point to another, (which line was established and agreed to by all parties,) exercising ownership by open and noto- rious acts, acknowledged and acquiesced in by those now claiming adversely, since the date of the grant in 1816, the plaintiff's claim to to the *locus in quo* extending to said line, is barred by the statute of limitations.

(*Mode* v. *Long*, 64 N C. Rep. 433; *Tatem* v. *Paine*, 4Hawks 64; *Marshall* v. *Fisher*, 1 Jones 111, cited and approved.)

CIVIL ACTION, (Ejectment under our former practice,) tried before his Honor, *Mitchell, J.*, at the Spring Term, 1873, of of the Superior Court of IREDELL county.

The facts pertinent to the points decided, are sufficiently stated in the opinion of the Court.

Under the charge of his Honor below, the jury returned a verdict for the plaintiff. Judgment. and appeal by defendant.

*W. P. Caldwell*, for appellant.
*Armfield* and *M. L. McCorkle*, contra.

SETTLE, J. This was a question of boundary, in which it became necessary to locate the calls of a grant to Samuel Houston, worded as follows, "fifty acres lying, &c., in Iredell county, on the Catawba river, including two small islands in said river. Beginning on a stake at the upper end of the island, thence south thirty-five degrees east, fifty-three poles to a stake, the lower end of the island; thence east one hundred and twenty-six poles to a post oak, thence, &c., to the beginning."

And we think his Honor has fallen into two mistakes in the instructions he gave the jury :

1. As there was evidence from witnesses, and also some cir-cumstances which tended to establish the second corner at the lower end of Island No. 1, it was error to say, as a conclusion of law, that it was at the lower end of Island No. 2.

What are the termini or boundary of a grant or deed, is matter of law ; where these termini are is matter of fact. The Court must determine the first, and the jury must ascertain the second. *Tatem* v. *Paine*, 4 Hawks 64 ; *Marshall* v. *Fisher*, Jones 111.

2. But a more important error is to be found in the instructions of his Honor, as to the effect of the possession of the defendant and those under whom he claims.

Whatever confusion may arise from the uncertainty of the Houston grant, it is reasonably certain that those who located that grant, after leaving the islands, commenced at the white oak on the main land, which is opposite the lower end of Island No. 1, and ran to the post oak, an agreed corner. And all parties have acted upon the assumption, that the marked line between the white oak and the post oak was the boundary between the Houston and Kyle's grants, until 1872, when the plaintiff, for the first time, set up a claim to the *locus in quo*. Those deriving title under the Kyle's grant have claimed and exercised ownership up to that line, since 1816, the date of their grant, and those claiming title under the Houston grant, have acknowledged and acquiesced in that claim. This assertion of title has been evidenced, not only by the declarations of persons claiming under the Kyle grant, but by open and notorious acts of ownership, such as cultivating a portion of the *locus in quo*, and taking timber from the whole of it. And the acknowledgment, by those claiming under the Houston grant, of the defendant's title, has been as open and notorious as his claim. The parties interested, point out the line from the white to the post oak, as the boundary between them ; when the neighbors are surveying other adjacent lands, and when

bees are found in a marked tree on this line, by Christopher Clark, a former owner under the Houston grant, permission is asked by him and given Mrs. Campbell to cut the tree ; a fence is put up by David Clark, a former owner on the line of marked trees, and permission obtained to put a few pannels over the line in order to reach a bluff and turn stock, and the present plaintiff puts his hand on the white oak and tells the defendant that it is the line between him and the Campbells ; and further, the plaintiff acts as agent of Mrs. Campbell in selling the land to the defendant, and assists the defendant in selecting a site for a mill, and admits that the Campbells have always claimed title and had possession up to the line of marked trees.

The possession of the defendant and those under whom he claims, is neither "accidental nor trifling in amount," to use the words of his Honor ; nor can it be said to be " by mistake," for there is no mistake in the fact their claim has been open, notorious and adverse to all the world for a longer period than the statute requires to create a bar. *Mode* v. *Long*, 47 N. C. 433.

Let it be certified that there is error, which entitles the defendant to a *venire de novo.*

PER CURIAM.                                    *Venire de novo.*