### H. & R. B. JOHNSON *v.* G. D. RAY and others.

What are the boundaries of a tract of land, is a question of law. But, if the Judge below leaves such question to the jury, and they find the law as his Honor ought to have held, no advantage can be taken of his Honor's charge.

CIVIL ACTION, in the nature of Ejectment, tried before *Watts, J.*, at Fall Term, 1874, McDOWELL Superior Court.

The action was brought to recover a tract of land, in the county of Yancey, and removed upon the affidavit of the plaintiffs to the county of McDowell.

Both the plaintiffs and the defendants claimed the *locus in quo* under deeds of conveyance from James and Robert Love, who were the owners of the land before the date of either conveyance. The deed to the plaintiffs, it was admitted, covered the *locus in quo*, but was of a later date than the deed under which the defendants claimed, and which they insisted also covered the same tract or a portion thereof.

The execution and validity of the deeds of both plaintiffs and defendants were not denied, and the question arising on the trial, was that of boundary.

The plaintiffs excepted to the charge of his Honor, which was substantially, as follows:

The jury must first find the top of the Hurricane or Black Mountain Ridge, which is the ridge called for; and if the jury thought that the parties meant the ridge marked as "Black Mountain Ridge," was the "Hurricane or Black Mountain Ridge," in the deed, and if they believed that a due East course was not intended from the point B on the plot, they should run the line from said point to the nearest point of the said "Black Mountain Ridge," admitted to be at the point, designated in the pleadings, D.

The following issues were submitted to the jury, and were all found in favor of the defendants.

(1.) Are the plaintiffs the owners in fee simple, as tenants

18

in common, of the land described in the complaint, and are they entitled to the possession thereof?

(2.) Were the defendants, or either of them, wrongfully in possession of said land or any portion of the same, at the commencement of this action?

(3.) What amount of damages are the plaintiffs entitled to?

Upon this verdict there was judgment against the plaintiffs, who appealed, assigning as error, the charge of his Honor.

*Folk & Armfield,* for appellants.
*M. E. Carter,* contra.

PEARSON, C. J. There is no error in the charge of which the plaintiffs have a right to complain.

The jury having found the fact that " C D " is " the ridge " called for, the question of boundary is too plain to admit of discussion.

What are the boundaries of a tract of land is a question of law, and his Honor ought to have instructed the jury, that as the deed from A to B calls for a *due east* course, the fact that a corner is made at B, and another call is made, substituting the word " eastwardly " instead of " east," to-wit: then *along* the ridge (an eastwardly course) to the top of the ridge, a *due east* course was excluded, unless a natural object called for, could not be reached without following a due east course. This instruction would have been against the position taken for the plaintiffs, and the verdict which finds the law as his Honor ought to have held, puts the matter right. His Honor might also have charged, that the general description " so as to exclude the headwaters of Borlin's creek," made it necessary to follow the ridge. This the jury have done, and the plaintiffs have no right to complain of the omission.

No error.

PER CURIAM.                              Judgment affirmed.