FREDERICK HUFFMAN v. WESLEY WALKER and others.

*Boundaries—Evidence.*

The location of boundaries mentioned in a deed may be established by
parol proof and by reputation.

(*Standin* v. *Bains*, 1 Hay., 258 , *Taylor* v. *Shuford*, 4 Hawks, 116; *Hart-*
*zoz* v. *Hubbard*, 2 Dev. & Bat., 241; *Hendrick* v. *Gobble*, 63 N. C., 48;
*Hice* v. *Woodward*, 12 Ired., 293, cited and approved.)

CIVIL ACTION to recover land tried at Spring Term, 1879,
of BURKE Superior Court, before *Graves, J.*

Both parties claimed under one Smith upon whose death
his land was sold under a decree of the court of equity for
Burke county on a petition by his heirs to sell for the pur-
pose of partition.

The tract in question was bought at the clerk and mas-

ter's sale by the defendant and sold by him to the plaintiff. The defendant purchased another lot of same land from Avery and Gibbs who had bought it at said sale. The deed from the clerk and master for the first lot was prior in date to the other. There was no proof as to the possession of the land by any one. The controversy was as to the beginning corner of the land. The plaintiff alleged it was at a red oak on the bank of the river which was in Phillip Brittain's upper line where it crossed the river, and a conditional line agreed on between said Brittain and one William Jones.

The plaintiff testified in his own behalf that he had known the red oak on the bank of the river as the beginning of his land for fifteen years, that he was told by one Corswell and one Roper, (both dead) that the red oak claimed by him as the beginning was Phillip Brittain's upper line, and that the tree was marked on the east and west. One Smith testified on the part of plaintiff that his father bought of Phillip Brittain and Brittain held under one George Walker, that his father bought that part of the Brittain land lying on the north of the river, and one Jones bought that on the south side of the river and the river, was the conditional line between them; that he knew the red oak on the bank of the river as Phillip Brittain's upper line more than forty years, and knew Cane Brake creek; it came into the river below the red oak.

The defendant testified that he bought at the clerk and master's sale the land known as the Brittain land and sold the same to the plaintiff, Frederick Huffman. There were no exceptions taken to any of the evidence offered on the part of the plaintiff.

The defendant's counsel prayed His Honor to charge the jury "that in order to establish the beginning of the plaintiff's deed he should establish the fact that Phillip Brittain had a tract of land which crossed the river, by showing title by grant or deed or some other paper title to him, and could

not establish that fact by reputation, and that the plaintiff had failed to show by competent proof that Phillip Brittain had any tract that covered the land in controversy, and had failed to locate his deed." The court declined to give this instruction and the defendant excepted.

The court then charged the jury that "what are the boundaries of the land sued for, is for the court to say; but where the boundaries are situated, was a question of fact for the jury to determine." The court then read over the courses of the plaintiff's deed, stated the several boundaries in detail and told the jury the plaintiff must satisfy them by a preponderance of evidence as to where those several boundaries are situated; that when marked trees or natural objects were called for, they would control course and distance when identified by proof; that when such marked trees or natural objects could not be found, course and distance must govern. That plaintiff had submitted to them competent testimony in regard to the location of the boundaries of his deed, and it was for them to say whether he had proved his case or had failed; that upon questions of boundary the evidence of witnesses deceased was competent; that it was not always necessary to have a deed or grant or any paper title even to show title for land, for thirty years would ripen into title without writing of any kind." The defendant excepted.

The jury found the issues in favor of the plaintiff and that he is entitled to the land included in the boundary, beginning at the letter G as shown in plat running with the river to Cane Brake creek, then to letter J, then north to fallen pine on the ridge as shown by R K, then to the beginning. And there was judgment according to the verdict, from which the defendant appealed.

*Mr. G. N. Folk,* for plaintiff.
*Mr. J. M. McCorkle,* for defendant.

ASHE, J., after stating the case.  There were no exceptions taken on the trial but those to the refusal of His Honor to give the instructions prayed, and the charge given to the jury.

The defendant on his examination as a witness admitted that he bought at the clerk and master's sale the land known as the Brittain land, and that was the land he sold to the plaintiff, and it is not denied that the land lay on the river, and that the beginning was where Phillip Brittain's upper line crosses the river, but the dispute is as to that point.  The plaintiff contends it was at a certain red oak which stands on the bank of the river which was in that line, and in fact was a line tree in that line indicating where the line ran.  The defendant insisted in his prayer for instructions, that that fact could not be proved by parol, but by some deed or other title in writing showing that Brittain owned a tract of land that crossed the river.  We do not think that was at all necessary.  The land in controversy was known as the Brittain land.  It must have had some boundaries, and there is no principle of law better settled than that the location of boundaries may be proved by parol or reputation.  Nothing is more common in practice, when a deed calls for the corner of an adjacent tract than to prove by parol, the declarations of deceased. witnesses; for instance, where the corner stands, without showing in evidence any deed to the owner of the land.  It is often matter of mere hearsay, but may be proved by other more direct means; and therefore it was perfectly competent for the plaintiff as he has done in this case, to prove by the declarations of deceased witnesses, that the red oak claimed by him as the beginning was Phillip Brittain's upper line. As to the objection that there is no competent proof that Phillip Brittain owned any land, the line of which crosses the river, there was proof offered without objection from which the jury were warranted in inferring that Brittain

once claimed the land and that his line crossed the river, for he and one Jones who claimed the land on the other side established the river as a *conditional* line between them. The proof seems to us to have conclusively established the red oak as the beginning corner of the land claimed by the plaintiff, and was perfectly competent for that purpose. See *Standin* v. *Bains,* 1 Hay., 258; *Taylor* v. *Shuford,* 4 Hawks, 116; *Hartzoz* v. *Hubbard,* 2 Dev. & Bat., 241; *Hendrick* v. *Gobble,* 63 N. C., 48.

We hold there was no error in refusing the instructions prayed, nor was there any in the charge given to the jury, unless it was in the concluding sentence which reads, "that it was not always necessary to have a deed or grant or any paper title even to show title for land, for thirty years would ripen into title without writing of any kind." This was evidently a "slip" and any one of common intelligence would understand it to mean "thirty years possession," but let that be as it may, we cannot say there was a fatal error in that, giving it the most unfavorable construction; for as we hold it was not necessary for the plaintiff to produce any deed or other paper title to Phillip Brittain, showing that he owned land covering that in controversy, and that one of the lines thereof crossed the river, although the charge may be against law, yet it was harmless, and it is apparent from the whole case that it could not have mislead the jury. *Hice* v. *Woodward,* 12 Ired., 293.

There is no error. The judgment of the superior court of Burke is affirmed.

No error.                          Affirmed.