## JOHN G. JONES v. C. W. BUNKER.

### Province of Court and Jury—Boundary.

The construction of a written instrument or other contract whose terms are ascertained should be determined by the judge, and it is error to refer such construction to the jury.

2. Where a tract of land is described as "beginning at a point of a ridge near some large rocks, on the south east side thereof, about two chains east of Stewart's creek, and runs up the ridge north," &c., and there is evidence tending to show large out-cropping rocks at each end of the ridge, the beginning will be fixed at the south-east end or side of the ridge, and the reference to the rocks will be considered as descriptive only, and as meant to aid in ascertaining the position of the point on the south-east side of the ridge, and not to give undue prominence to the rocks.

(*Burnett* v. *Thompson*, 13 Ired., 379 ; *Marshall* v. *Fisher*, 1 Jones, 111 ; *Clark* v. *Wagoner*, 70 N. C., 706 ; *Johnson* v. *Ray*, 72 N. C., 273, cited and approved.)

CIVIL ACTION to recover land, tried at Fall Term, 1879, of SURRY Superior Court, before *Gilmer*, J.

Verdict and judgment for defendant, appeal by plaintiff.

*Messrs. George B. Everitt* and *Reade, Busbee & Busbee,* for plaintiff.

*Messrs. Watson & Glenn,* for defendant.

SMITH, C. J. Several exceptions taken by the appellant appear on the record of which it is necessary to consider one only, which in our opinion is decisive of the case.

The plaintiff claims the land in dispute under a succession of deeds extending back to the year 1818, the last of which was executed to himself on November 5th, 1871, and a continuous possession of the respective owners down to the defendant's entry in 1874 or 1875. One of the deeds constituting his claim of title, made by the sheriff of Surry in the year 1847, pursuant to a sale under execution conferring authority on William Slade, describes the boundary line in these words: "Beginning at a point of a ridge near some large rocks, on the south-east side thereof, about two chains east of Stewart's creek, and runs up the ridge north," &c., and this description is followed in the deed from Slade to Solomon Graves, whose executors by virtue of his will convey to the plaintiff. The location of the ridge called for is conceded to be as laid down in the surveyor's plat, and there was evidence tending to show large out-cropping rocks at each end of the ridge, and the contention was whether the beginning was at the rocks on the south-east side of the ridge, or on the south-east side of the bed of rocks, cropping out at the north-east end of the ridge. It was admitted in the argument that if the line started at the south-east end or side of the ridge, as the plaintiff insisted, his right of recovery could not be resisted, and the controversy is thus narrowed down to the simple inquiry as to its position as described in the sheriff's deed.

At the trial before the jury, the defendant's counsel argued that the proper interpretation of those descriptive words required the beginning to be fixed at the south-east side

of the bed of rocks, and that the word "thereof" referred to its nearest antecedent, *the rocks*, and not *the ridge*; and asked of the court an instruction to this effect. The court declined so to charge, and told the jury it was a question for them to determine upon consideration of all the evidence bearing upon it. The plaintiff, although he did not ask any specific ruling favorable to his own contention as to the legal import of the language of the deed, assigns for error that the court did not construe it and tell the jury that the word "thereof" meant the ridge and designated the beginning at its south-east side.

It is too well settled to need the support of argument or authority that the construction of a written instrument or other contract whose terms are ascertained, is a matter of law to be determined by the judge and not left to the uncertainty of a jury verdict. It was then his duty to put an interpretation upon the words, and tell the jury whether they required the location of the beginning of the boundary line at the one or the other place, or at some other place different from either, and it was error to leave the question to the jury. The determination of this point is conclusive of the controversy, since in the one case the *locus* is within, and in the other without, the plaintiff's boundaries.

Our opinion upon this question is with the plaintiff and supports his construction of his deed.

1. It is manifest a point in the ridge is intended, near some large rocks, and more definitely pointed out as being on the south-east side of the ridge. The reference to the rocks near by is descriptive only, and is obviously to aid in ascertaining the position of the point on the south east side of the ridge, and not to give undue prominence to the rocks themselves.

2. This interpretation is supported by the further description that it is "about two chains east of Stewart's creek," and the line thence "runs up the ridge north," the ridge,

being still the prominent object, and the line commencing at its south-eastern side, in order to fulfil the two conditions of running "*up the ridge,*" and in a northern direction. These requirements do not admit of the beginning on the north-west end of the ridge, for then the line extended north would not run up the ridge but leave it altogether.

3. A different construction involves the substitution of an object mentioned only for the purpose of identification in place of the point which the reference only seeks to ascertain, and thus there would be two points, and obscurity resulting from the very words employed to produce certainty in the description.

It is the province of the judge to tell the jury what are the boundaries of the land conveyed according to the terms of the description; of the jury to ascertain where are the objects called for and by which the boundaries are controlled, and to fit the description to the thing described. *Burnett* v. *Thompson*, 13 Ired., 379; *Marshall* v. *Fisher*, 1 Jones, 111; *Clark* v. *Wagoner*, 70 N. C., 706.

The jury ought to have been directed to find the beginning of the line at a point on the south-east side of the ridge, near to a bed of rocks if such could be found, and then run it up the ridge a northern course, pursuing the other calls of the deed. For failing so to charge and leaving the matter to the jury, he committed an error of law which is presented for revision on the plaintiff's appeal. Had the error been corrected by the verdict and thus no injury done the appellant, no exception therefor could be entertained. *Johnson* v. *Ray*, 72 N. C., 273. But the error was not thus remedied and the plaintiff is entitled to a new trial. Judgment reversed and new trial awarded. This will be certified.

Error. *Venire de novo.*