WILLIAM STRICKLAND v. W. H. DRAUGHAN.

*Deed, probate of—Ejectment, evidence in—Entries and Grants— Practice—Statement of Case, preparation of.*

1. A certified copy of a deed is evidence of its probate and registration; and a probate as follows: "Sampson county, August term, 1812: Then was the above deed acknowledged in open court, H. Holmes, C. C.", shows the official character of the clerk.

2. Parol evidence is admissible to show the position of boundary marks mentioned in a deed.

3. Where a deed calls for a natural object and the line gives out before reaching it, the line must be extended to the natural object and the distance disregarded.

4. A copy of an abstract of a grant, dated in 1799, bearing the signature of the governor of the state and certified to by the register, is admissible in evidence to show that the land has been granted.

5. Errors assigned must be specifically pointed out, or no correction will be made.

6. The court condemn the practice of judges and members of the bar in incorporating superfluous matter in the statement of the case on appeal, and again suggest the propriety of stating only those facts which are pertinent to the exceptions taken upon the trial.

(*Starke* v. *Etheridge*, 71 N. C., 240; *Love* v. *Harbin*, 87 N. C., 249; *Jones* v. *Bunker*, 83 N. C., 324, and cases cited; *Tolson* v. *Mainor*, 85 N. C., 235, and cases cited; *Brooks* v. *Britt*, 4 Dev., 481; *Hurley* v. *Morgan*, 1 Dev. & Bat., 425; *Tatem* v. *Paine*, 4 Hawks, 64, cited and approved).

EJECTMENT tried at January Special Term,.1882, of SAMPSON Superior Court, before *McKoy, J.*
The defendant appealed.

*Messrs. E. T. Boykin* and *Reade, Busbee & Busbee,* for plaintiff. No counsel for defendant.

SMITH, C. J. The plaintiff sues to recover a tract of land whose boundaries are specifically set out in his complaint, and

damages for a wrongful withholding. The defendant asserts title to the portion described in his answer and disclaims as to the residue.

In response to the three issues prepared and submitted to the jury they find, 1. The plaintiff is entitled as owner to all the land mentioned in his complaint; 2. The defendant was in the wrongful possession when the action was commenced; 3. The plaintiff's damages are assessed at $150.

The errors assigned are to rulings of the court to which exceptions were taken during the progress of the trial, and these the appeal presents for our consideration. They will be noticed consecutively as they appear in the record.

1. The plaintiff produced in evidence a duly certified copy, from the registry, of a deed made on May 11th, 1812, by John Dickson, attorney of Samuel W. Johnson, to John McCorquodale, conveying 129 acres, on which is transcribed and has been registered a probate in the following form:

"SAMPSON COUNTY, August Term, 1812: Then was the above deed acknowledged in court for registration.

H. HOLMES, C. C."

The records of the county court of Sampson, in custody of the superior court clerk, show an entry at the same term that a deed from John Dickson, attorney, to John McCorquodale, for 129 acres of land, was acknowledged in open court for registration, and this was the only entry, at that term, of a deed between the same parties. The record also mentions an allowance at May term, 1812, for extra services for the preceding year, rendered by "Hardy Holmes, clerk of the county court of Sampson county," and a similar entry at May term, 1813, for similar services to the same party, again designated as "clerk of the county court of Sampson." It was also proved that the records of the years 1812 and 1813 were in the same handwriting.

The defendant insisted upon the insufficiency of the proof offered as to the official character of the clerk, and objected to the admission in evidence of the copy of the deed. The objection was overruled and the copy allowed to be read; and this furnishes the first exception to be considered.

The exception is, in our opinion, without support in any adjudication or sound rule of law. The proof meets and removes the objection, if it has any force, and the probate in the county court is fully established. Indeed, there was no necessity for any other evidence of probate or registration than such as was contained in the copy, certified from the books of registry of deeds. The statute in express terms declares that "the registry or duly certified copy of the record of any deed, power of attorney, or other instrument required or allowed to be registered or recorded, may be given in evidence in any court (Bat. Rev., ch. 35, § 9), and it is to be assumed that the deed was properly put upon the registry, until the contrary is made to appear, and nothing more is required to render the copy competent evidence when certified by the register. *Starke* v. *Etheridge*, 71 N. C., 240; *Love* v. *Harbin*, 87 N. C., 249.

We suppose the case last cited was not known at the time, or the point would not have been made.

2. A surveyor of long experience was asked, and permitted to say, that the boundary lines mentioned in the deed from Lewis Tew to Elizabeth Goodwin (of which we have no further information than this mention of it, and none as to its provisions) cover the territory in dispute. If the fact proved be material and bears upon the controversy, we see no reason for objecting to the competency of testimony admitted to show the location of the lines of the deed, and that it embraces the tract claimed in the suit. Indeed, by parol evidence alone can the position of boundary marks mentioned in a deed be fixed and the area enclosed be ascertained. What are the boundaries of land described in a written instrument is a matter of law to be declared by the court; where they are, a matter of fact to be

found by the jury on evidence.   *Marshall* v. *Fisher*, 1 Jones, 111; *Clark* v. *Wagoner*, 70 N. C., 706; *Jones* v. *Bunker*, 83 N. C., 324.

3. The witness who made the survey and plat used on the trial testified that, in running the line described in the deed from Edwin Strickland and others to the plaintiff, of January 10th, 1855, " thence the other due line north 65, east 100 poles to a maple and gum in the Big Branch"—it gave out a short distance before reaching the mud-land of the branch, and at its terminus no such trees were to be found.   The defendant insisted that in law the line stopped at the point measured by the 100 poles, and requested His Honor so to instruct the jury.   This was refused, and the jury were directed to inquire upon the evidence as to the location of the maple and the gum, as a fact to be found by them.   There was no exception to the form of the instruction given, but it was taken to the refusal of the court to withdraw the matter from the jury and determine it as solely involving a question of law.

The trees referred to are represented as *being in the branch*, not upon the adjoining high-land traversed by the line before reaching it.   If the trees cannot be found, nor their location be fixed, the branch, equally designated in the descriptive words, remains, and the course continued on will intersect it.   There is thus a natural object called for, whose position is fixed, and the line gives out before reaching it; and it is well settled that in such case the line must be extended to the natural object and the distance disregarded.   *Tatem* v. *Paine*, 4 Hawks, 64; and numerous other cases.

The court, upon the authority of *Brooks* v. *Britt*, 4 Dev., 481, and *Hurley* v. *Morgan*, 1 Dev. & Bat., 425, referred to the jury the inquiry as to the terminus of the line, the locality of the trees and branch, and certainly in this respect committed no error of which the defendant can complain; and if it was error, it is corrected by the finding of the jury. . .

The testimony all tends to show, and if not conceded, it was

not questioned that it does show, that if the line run to the branch or stream, designated as the Big Branch, and thence pursues its meandering course, as it flows into the Williamson Swamp, as the next line is described in the deed, it will embrace the *locus* in dispute; while if it stops at the mud-land and passes along the margins of this and of the swamp, not entering either, the disputed land will be excluded. The exception, therefore, must be overruled.

4. The defendant's fourth exception is to the reading of the certified copy of the deed or abstract, as it is called, of the state to Roger Allen, bearing date June 7th, 1799, to show that the land has been granted and the title of the state thereto divested.

The exhibit seems to be incomplete, but enough appears upon its face to show its character as a grant of land of large dimensions to the grantee, Allen, and it bears the signature of the governor (W. R. Davie) and is certified by the register as taken from the registry. It is certainly admissible for this reason, as evidence, and to this alone is the exception directed. But we think it is also sufficient to show that the land has been granted, and for this purpose only is it offered. But abstracts—not purporting to be copies in full of the original—have been received when authenticated as records kept under requirements of law. *Clark* v. *Diggs*, 6 Ired., 159; *McLenan* v. *Chisholm*, 64 N. C., 323; *Tolson* v. *Mainor*, 85 N. C., 235.

5. The title being thus out of the state, the plaintiff alleges a continuous adverse possession for more than seven years under the deed to him of Edwin Strickland and others, and by this a vesting of the estate therein in himself. Almost the entire case is occupied with a statement of acts of ownership, of various kinds, upon the land as constituting possession. The defendant insists that these are but frequent and separate trespasses, not a possession to ripen an imperfect into a perfect title. This evidence was passed on by the jury, under instructions which seem to have been free from objection.

The defendant asked a charge that there was no evidence of a

continuity of possession for the necessary period, which the court declined to give, and to this refusal an exception is noted.

It is a well understood rule of practice that errors assigned must be specifically pointed out, and wherein they consist, or no correction will be made. The testimony is loose and disconnected in time and place, extending over a series of years; showing the erection and occupation of a house; the clearing and cultivating portions of the land, fit for that purpose; the cutting of trees and making shingles upon the parts in dispute; the getting and gathering of turpentine, and other acts indicating an assertion of ownership, amply sufficient, if unbroken, to confer title on the plaintiff, if he did not have it before. We cannot see the alleged interruptions in the facts proved, and the required occupation seems to have been maintained, at least the jury were warranted in so finding, and their verdict ought not to be disturbed for the reason urged.

We may misunderstand the case on this point to the defendant's prejudice; but if so, the result must be ascribed to the vague and unintelligible statements of the proof, and our inability, in consequence, to detect an error assigned in such general terms, and the fault in this regard lies at the door of the appellant. This exception must be also overruled.

Before closing the opinion, we are forced to animadvert upon the manner in which the case is prepared and sent up for review, and it is but an example of many others. The facts testified to are disconnected and confused, and indefinite in time and locality, and the defect is unaided by the accompanying diagram. The testimony of the several witnesses is written without any break in passing from one to the other, and is itself vague and unsatisfactory. There are no marginal abstracts to indicate what is upon the pages, and no index to direct to the witnesses or the character of the evidence they give. Added to this, and sent as part of the record, are the notes of the presiding judge, *in extenso*, taken during the trial. It ought to be needless to reiterate that in cases like the present where a verdict is taken, the facts should

be sent up pertinent to and explanatory of the exceptions, and not the evidence, unless the exception be to its admission or rejection, or to its failure upon a point submitted to the jury, and then only so far as it elucidates the exception. If cases are sent up, thus laden with useless matter and burdensome to the court, and our repeated suggestions are unheeded, we shall be compelled to remand the cause or refuse to hear it, until by a reference the superfluous matter can be removed and the record put in a proper form for an intelligent disposition. The accumulating business before the court and our increasing labors in dispatching it, will force this necessity upon us, unless gentlemen of the bar and the judges give more care and attention to the preparation of cases on appeal.

In this case there may be error, but we cannot see it and it must be decided as if no error existed.

The judgment must be affirmed.

No error.                                    Affirmed.