W. J. ECHERD and H. F. ECHERD v. E. J. JOHNSON *et al.*

(Decided April 24, 1900.)

*Processioning Proceeding Before the Clerk—Act of 1893,*
*Chapter 22—Course and Distance—Natural Object.*

1. In running a line from an agreed corner, if a natural object, as a tree,
   is called for in the deed, and it or the spot where it stood can be
   located, the line must go to it; if it can not be located, course and
   distance will control.

2. The natural object, or boundary, is not to be found alone by con-
   struing the deed; it may be aided by parol proof and by reputa-
   tion.

3. Where the natural object called for was a post-oak, the plaintiff
   claiming it was at red 2, on the map, and the defendant at blue
   2, and there was evidence tending to show that there were two
   oak stumps, it was the duty of the jury to find from the evidence
   which natural object was the proper one, and if they could not
   from the evidence locate the natural object, course and distance
   would govern.

4. The Court decides *what* the boundaries are, and the jury finds *where*
   they are. If the natural object or boundary can not be found
   or located, course and distance will control. *Redmon v. Stepp,*
   100 N. C., 212.

5. The burden of showing that the red line was the true line (leading
   from 2 red) by a preponderance of the evidence, was upon the
   plaintiff.

SPECIAL PROCEEDING to establish lines, heard on appeal
from the Clerk by *Shaw, J.,* at Fall Term, 1899, of ALEX-
ANDER Superior Court.

The County Surveyor in obedience to the order of court,
ran the dividing line between the parties, according to the
contention of each, and reported a map of his survey.

The dividing line, as indicated, ran north and south, the
plaintiffs' land lying east of it and the defendant's lying

west. The issues, contentions of the parties and ruling of the Court appear in the opinion.

There was a verdict for the plaintiff, and from the judgment in his favor the defendant appealed. A copy of the map is subjoined.

*Mr. A. C. McIntosh,* for appellants.
*Messrs. R. Z. & F. A. Linney,* for appellees.

FAIRCLOTH, C. J. This is a processioning proceeding under the Act of 1893, chapter 22. The line to be located runs practically north and south, the plaintiff's land on the east side and defendant's on the west side.

After the pleadings were filed with the clerk, an order of survey was made, and the surveyor was ordered to run said line according to the contention of both parties and to report the same with a map to the Court. This was done, and on the trial in the Superior Court this issue was submitted: "Is the line on the map, beginning at red 2 and running to red 5, the true boundary line between the lands of the plaintiffs and defendants?" The jury answered, "Yes." A similar issue as to defendants' contention, from blue 2 to blue 10 was submitted, but not answered.

Numerous witnesses were examined and deeds were introduced, including a deed from John Bradburn to Frances Dorset, in 1797, in which this is the description: "Beginning at a large pine tree in Bradburn's line, thence west 160 poles to two small post-oaks." The beginning corner (1 on the map) is agreed to, and the question turns on the location of the "two small post-oaks." The two old stump places, or holes, claimed by the parties, are about three and a half poles apart, one noted on the plot red 2, (plaintiffs'), and blue 2 (defendants'). There was evidence tending each

N
W —— E
S

11    5  10    6

J. F. MUNDY
TO
H. F. ECHERD — 1868.
PLAINTIFF.

8    7

6    5

J. F. MUNDY
TO
JOSEPH A. JOHNSON
1849.

9    1

2

7

2

JOHN BRADBURN
TO
FRANCIS DOSSET — 1797.

7

9

3  3    4
4.

DIVIDING LINE CLAIMED BY PLAINTIFF, RED 2 TO RED 5.
DIVIDING LINE CLAIMED BY DEFENDANT, BLUE 2 TO BLUE 10.

way. Defendant asked for this instruction: "That from a known point course and distance must govern, unless there is some natural object called for in the deed that is more certain; and in this case point 1 being admitted and the natural object called for being uncertain, the corner should be at the end of 160 poles west from 1." In lieu thereof his Honor told the jury that the post-oak called for was a natural object, and that the plaintiff claimed that it was at red 2, and the defendant at blue 2—that there was evidence tending to show that there were two oak stumps, and it was the duty of the jury to find from the evidence which natural object was the proper one, and if they could not from the evidence locate the natural object, then course and distance would govern.

The prayer could not be given, because the jury, upon the evidence, have found and made the natural object certain, which controls, and because the Court would have to find as a fact or assume that the natural object could not be located by the jury from the evidence. That has been the province of the jury from a time where the memory runs not, and is now considered "familiar learning." The natural object or boundary is not to be found alone by construing the deed. It may be aided by parol proof and by reputation. *Huffman v. Walker,* 83 N. C., 411; *Strickland v. Draughan,* 88 N. C., 315.

The Court decides *what* the boundaries are, and the jury finds *where* they are. If the natural object or boundary can not be found or located; course and distance will control. *Redmond v. Stepp,* 100 N. C., 212.

His Honor instructed the jury that the burden of showing that the red line was the true line (leading from 2 red) was upon the plaintiff, and if he had by a preponderance of the evidence satisfied them that that was the true line, they

should answer the first issue, "Yes;" and in that event they need not consider the second issue; also if they were not so satisfied, they should answer the first issue, "No."

*Holmes v. Valley Co.,* 121 N. C., 410, cited by the defendant, does not apply. In that case there was no effort to establish boundary lines by course and distance, by marked trees and corners, or by calls for natural objects, but it was an effort to identify and locate the first station by evidence, without any chops or signs leading to or from the place, with an imperfect description in the deed. We have discovered no error in the trial below.

Affirmed.