### J. J. R. WHITFIELD v. JOHN D. ROBERSON.

(Filed 9 March, 1910.)

**Trespass—Dividing Line—Variation of Magnetic Needle—Questions for Jury—Line Trees—Evidence.**

> In an action of trespass to determine the dividing line between the adjoining lands of the parties, there was evidence of a variation of the magnetic needle since the time of the original survey, and that to fix the line as given by the deed, by running from an admitted corner, without allowing for this variation, would establish the line contended for by defendant; there were other surveys made from this admitted corner to locate this line, allowing for the variation of the needle, and there was testimony that on one of them there were certain marked stumps, regarded as line trees. There was evidence on plaintiff's part that he had been cultivating the land for fifty years in accordance with this last-named line, and that it was the true dividing line: *Held*, (1) a question of fact for the jury; (2) it was not error to refuse defendant's prayer for instruction that the line which was run without allowing for the variation of the magnetic needle should be established as the true line; (3) the line stumps should be regarded as evidence tending to show the location of the true line.

APPEAL from *O. H. Allen, J.,* at June Term, 1909, of MARTIN.

WHITFIELD *v.* ROBERSON.

This was an action of trespass to determine the dividing line between the adjoining lands of plaintiff and defendant. The plaintiff claimed his line to be A to D on the map; the defendant claimed the line to be A to B; one of the surveyors located it from A to C. A was an admitted corner. There were two pine stumps at the cross on the line from A to D which some of the evidence tended to show were line stumps; at B there was a hole in Mill Branch, called the "Pewter Hole," and there was evidence tending to establish this as the corner. The jury found A to D to be the line, as contended for by plaintiff, and assessed plaintiff's damages at $25. Judgment was rendered for the plaintiff, and defendant appealed.

*Martin & Critcher* and *A. O. Gaylord* for plaintiff.
*H. W. Stubbs* and *A. R. Dunning* for defendant.

MANNING, J. The only exception in the record is the refusal of his Honor to give this instruction prayed by the defendant: "If the jury find from the evidence that the Pewter Hole was the dividing corner between the Whitfield and Manning lands and the survey under call in plaintiff's deed, 'South one degree west to Mill Branch,' without variation, went to the Pewter Hole, then they should answer the first issue, from A to B." His Honor charged the jury, in response to this prayer, as follows: "That if the the jury should find from the evidence that the Pewter Hole was a corner between the plaintiff's and defendant's land, and should further find from the evidence that this was at point B, then their answer to the issue should be A to B." The line sought to be located is described in the deed as "south 1° west to Mill Branch." The points, B, C and D, on the plat, are each in or at Mill Branch.

One of the surveyors testified that there was a known variation in the needle of the compass, and that he did not understand it. He testified, "that the usual variation for the time, according to my understanding, would be two degrees, and allowing this variation of two degrees, I ran south 3° west— the line A to C."

The plaintiff testified that, "A to D has always been the line. The line ran between two stumps. I saw survey sixty years ago. It ran that line. The two pines were then chopped. Have worked up to the line A to D for fifty years."

The defendant's evidence located the terminus on Mill Branch at B, the place known as the Pewter Hole, and one surveyor testified that running the call of this line, without allowing any variation in the needle, B would be the terminus.

The location of the line was a matter for the jury; and we

think the modified form in which his Honor gave defendant's instruction was correct. *Cherry v. Slade,* 7 N. C., 82; *Echerd v. Johnson,* 126 N. C., 409; *Hill v. Dalton,* 140 N. C., 9. In the case of *Gaylord v. Gaylord,* 48 N. C., 367, to which our attention is called by the learned counsel for the defendant, this Court said: "The division line between them (plaintiff and defendant), when the partition was made in 1825, was the course indicated by the compass at that time, and it could not change with the variation of the needle." It cannot be understood from the above quotation that the learned jurist who wrote that opinion intended that the variations of the magnetic needle should be entirely ignored in the attempt to locate the lines of old boundaries by new surveys. That this cannot be done is a scientific fact well established, but the exact allowance for it is difficult of ascertainment; of course, the actual boundary does not change with the variation of the needle. The *quid est demonstrandum* would be reached by starting at A, a point fixed fifty years ago, to reach B, a point fixed by the same survey, and reading the course as recorded by the compass of to-day. It would indicate a different degree in the course of the line, assuming equal skill in the surveyor and equal accuracy in the instruments. The purpose of the present action was to have relocated the divisional line, as it was located in 1859 or prior thereto—the exact date of the original survey does not appear in the record. The two stumps between which the line ran when located, and which were marked as line trees, and these stumps being still existent, would, under the decisions cited, be influential in fixing the location of the line. A question of fact being raised for the determination of the jury, we think they were properly instructed by his Honor. Discerning no error, the judgment is affirmed.

No error.