KATHLEEN R. MOORE et al. v. T. C. QUICKLE et al.

(Filed 8 May, 1912.)

**1. Deeds and Conveyances—Probate—Presumptions.**

The presumption that the probate of a deed is properly taken arises when the only indorsement thereon is that the parties claiming under it "procured the same to be proved."

**2. Same—Probate—Officer—Registration—Regularities Presumed.**

The word "*jurat*," written on a deed by an officer authorized to take probates, means "proved"; and when there is nothing in the form of the probate on the deed in question indicating that it was improperly taken, and there is no evidence to that effect, a presumption arises from the act of the register of deeds in admitting the deed to registration that the probate was by the proper officer and regular, and that proof of that fact was before him.

APPEAL from *Long, J.,* at January Special Term, 1912, of GASTON.

This is an action to recover possession of a tract of land.

Both parties claim under deeds from William Sams, each purporting to convey the land in controversy, the deed under which the plaintiff claims bearing date of 7 November, 1859, and the deed under which the defendant claims bearing date 7 March, 1860. Neither party claims title by possession, and the original deeds from William Sams were not produced, both parties relying on the records.

The deed from William Sams, of date 7 November, 1859, has been on the records for more than forty years. After the signature of William Sams, at the bottom of the deed, is found the following: "Signed, sealed, and delivered in the presence of William T. Shipp, A. W. Davenport, *Jurat,*" and the only question presented by the appeal is whether this deed has been probated and is properly on the registry.

If it has been duly probated and registered, the plaintiff is the owner of the land in controversy, as in that event she would have the older and better title from the common source.

His Honor held with the plaintiff, and the defendant excepted and appealed.

159—9

*R. S. Hutchison and A. L. Bulwinkle for plaintiff.*
*A. L. Quickle and Carpenter & Carpenter for defendant.*

ALLEN, J.   In *Starke v. Etheridge,* 71 N. C., 245, which has been frequently cited with approval, it is held that the word *"jurat"* when written on a deed by an officer authorized to take probates, means "proved," and in *Quinnerly v. Quinnerly,* 114 N. C., 147, that the presumption is that the probate is properly taken when the only indorsement on the deed is that the parties claiming under it "procured the same to be proved."

The authorities are conclusive against the defendant, if there is any evidence that the word *"jurat"* was written on the deed by an officer of the law, or if, in the absence of such evidence, the law would presume the fact to exist.

The question has arisen in several cases before this Court, and it has been held, as we think, without exception, in the absence of evidence and when there is nothing in the form of the probate on the deed indicating that it was improperly taken, that a presumption arises from the act of the register of deeds in admitting the deed to registration that the probate was by the proper officer and regular, and that proof of that fact was before him. *Strickland v. Draughan,* 88 N. C., 317; *Howell v. Ray,* 92 N. C., 513; *Cochran v. Improvement Co.,* 127 N. C., 389.

If the rule is ever applicable, it should be in a case like this, where the deed has been registered more than forty years.

Being of the opinion, upon these authorities, that the deed of 1859 was duly registered, upon a legal probate, and that the judgment of his Honor is in accordance with law, it is

Affirmed.

HOKE, J., did not sit.