## LOCKVILLE POWER CORPORATION v. CAROLINA POWER AND LIGHT COMPANY.

(Filed 3 March, 1915.)

**1. Corporations—Deeds and Conveyances—Execution.**

A registered copy of a deed purporting to be that of a corporation, and appearing in form to be such, reciting that it was made "in pursuance of a resolution passed by its stockholders" on a certain date, signed by the president and two stockholders, with the corporate seal attached, and witnessed and executed and registered in 1876, is held to be sufficiently executed as a corporate act, under the common law and the statute then in force. Code, sec. 695; Rev. Code, ch. 26, sec. 22.

**2. Same—Corporate Seals—Presumptions.**

A corporate deed executed by the proper officers of the corporation and bearing its seal is presumptive evidence that the seal was affixed by the proper authority. The deed in question was executed in 1876 by the president and two stockholders of the corporation, witnessed, and the seal appeared to have been affixed thereto. *Held*, it was a sufficient execution under the laws then existing.

**3. Same—Probate.**

A probate officer, after reciting the State, county, probate court, and date, by certifying that the witness to a corporation deed, made in 1876, was the "subscribing witness to the foregoing conveyance, and made oath according to law that he witnessed the execution of the same by the parties for the purposes therein set forth," etc., raises a presumption of correct probate, inclusive of the authority of the attesting witness, which will be taken as valid in the absence of evidence to the contrary.

**4. Corporations—Deeds and Conveyances—Presumptions—Corporate Seals—Registrations.**

The failure of the register of deeds to copy the seal of the corporation on his books, or make an imitation copy thereon, does not render the con-

veyance of the lands made in 1876 invalid where the recitals in the deed signify that the seal was in fact attached, it appears upon the original, and the books show the name of the corporation appearing in brackets therein at its proper location.

5. **Limitations of Actions—Deeds and Conveyances—Defective Execution—"Color."**

Adverse possession is sufficient to ripen title under "color" and applies where there is a defect in the execution of the instrument relied on. or it has been improperly admitted to probate.

6. **Trusts and Trustees—Deeds and Conveyances—Beneficiaries—Execution—Married.**

Where in a deed in trust to lands the title is conveyed absolutely and in fee to the trustee, the deed of the trustee will pass the title to the lands, without the execution of the instrument by the beneficiaries or others, and is competent evidence of the grantee's title; and objection that the wives of the beneficiaries had not also joined in the conveyance is untenable, especially when it appears from the deed that the husbands executed the deed for the sole purpose of saving the trustee harmless.

7. **Husband and Wife—Deeds and Conveyances—Execution of Feme Covert—Estate Conveyed—Title—Evidence.**

The failure of the wife to execute with her husband a deed to his lands affects only the amount of the estate conveyed, and to that extent .is evidence of the grantee's title, except where the conveyance by the husband is of his duly "allotted" homestead.

APPEAL by defendant from *Connor, J.,* at August Term, 1914, of CHATHAM.

*H. A. London & Son and Manning & Kitchin for plaintiff.*
*James H. Pou and Hayes & Horton for defendant.*

CLARK, C. J. This was an action to recover damages by reason of the defendant's dam backing water on the plaintiff's land and water power at Lockville. The jury found that the plaintiff was the owner of the land and water power and that the defendant's Buckhorn dam wrongfully ponded water within 200 feet of.the plaintiff's mill site at Lockville, and awarded damages therefor.

The defendant's main contention was the insufficient execution and probate of two deeds offered in evidence by the plaintiff. One deed was from the Deep River Manufacturing Company to the American Iron and Steel Company, 15 July, 1876, and the other from the Virginia Trust Company to the plaintiff, dated 4 September, 1906.

The plaintiff offered in evidence the registered copy of the deed of the Deep River Manufacturing Company to the American Iron and Steel Company, dated 15 July, 1876, and registered in Chatham County, where the land lay, on 9 October, 1876.

Two objections were made to the competency of this deed in evidence. (1) That it was not properly executed as the deed of a corporation. (2) That the proof of its execution was not such as to authorize its probate and registration.

This instrument on its face recites: "This deed executed 15 July, 1876, by the Deep River Manufacturing Company, party of the first part," etc., and, "This deed is made in pursuance of a resolution of the Deep River Manufacturing Company passed by its stockholders on 3 July, 1876." It appears, therefore, from the instrument itself that it was intended as a deed and that its execution was authorized by a resolution of its stockholders. It is signed by the president and two stockholders. It is in the form of a deed and its corporate seal is attached. The execution of the deed was sufficient at common law and under the statute then in force. Code, sec. 685; Rev. Code, ch. 26, sec. 22; *Bason v. Mining Co.,* 90 N. C., 417.

In the latter case the Court cites with approval Morawitz on Corporations, sec. 169: "If a contract purporting to be sealed with the seal of a corporation is offered in evidence, and it is proved to have been signed and executed by the proper agent, the presumption is that the seal was also regularly affixed by the proper authority, and a contract under seal executed by an agent within the scope of his apparent powers will be held valid and binding upon the corporation until evidence to the contrary has been adduced." The statute then in force provided: "Any corporation may convey land and all other property transferable by deed of bargain and sale or other proper deed, sealed with the common seal and signed by the president or presiding member, or trustee, and two other members of the corporation and attested by a witness." This deed was signed by the president of the corporation and two stockholders, with the common seal affixed, and it was attested by a witness.

*Bason v. Mining Co., supra,* has been cited and approved, *Clayton v. Cagle,* 97 N. C., 302; *Shaffer v. Hahn,* 111 N. C., 8; *Heath v. Cotton Mills,* 115 N. C., 207; *Clark v. Hodge,* 116 N. C., 765; *Barcello v. Hapgood,* 118 N. C., 730; *Withrell v. Murphy,* 154 N. C., 82.

The probate of the deed is as follows (after reciting the State and county, probate court, and date): "Personally appeared before me, W. F. Foushee, probate judge for said county, J. H. Wissler, a subscribing witness to the foregoing conveyance, and made oath according to law that he witnessed the execution of same by the parties for the purposes therein set forth. Let this deed and certificate be registered. William F. Foushee, Probate Judge."

In *Quinnerly v. Quinnerly,* 114 N. C., 147, it is said: "There was no evidence to show that the probate here was insufficient. The presumption is that it was properly taken. In *Starke v. Etheridge,* 71 N. C., 245,

it is said: 'The probate of a deed is but a memorial that the attesting witness so swore to the *factum* of the instrument by the parties whose act it purports to be. The officer who takes the probate does not look into the instrument or to the interests acquired under it, and as the probate is *ex parte,* it does not conclude.' The probate of this deed not having been impeached by any evidence, it is conclusive of sufficient and proper proof." This is followed, *Moore v. Quickel,* 159 N. C., 129; *Kleybolte v. Timber Co.,* 151 N. C., 635; *Cozad v. McAden,* 150 N. C., 206; *Cochran v. Improvement Co.,* 127 N. C., 389.

It is also objected that the register of deeds failed to copy the seal or to make an attempted imitation thereof on his book. He did, however, put on the book in brackets in lieu of the seal, which he did not attempt to imitate, the words "Deep River Manufacturing Company, North Carolina," which, taken together with the recitals in the deed, must have been intended to signify that there was a seal. The original deed in evidence bears the seal, duly affixed. In *Aycock v. R. R.,* 89 N. C., 323, the Court said: "As the purpose of requiring registration is to give notice of the terms of the deed, and this is fully accomplished in the registry, we can see no reason why some scroll or attempted imitation of the form of the seal should be required in addition to the words spoken in the grant." To same purport, *Heath v. Cotton Mills,* 115 N. C., 207.

Even if there had been a defect in the execution of the deed, it was color of title which made the grantee's title perfect by continuous adverse possession under known and visible boundaries from the date of the deed to the date of the sale by the grantee therein to the Virginia Trust Company in February, 1899. The evidence is full and complete as to the continuous and adverse possession of the property under that deed by the plaintiff and those under whom it claims. In *Norwood v. Totten,* 166 N. C., 648, it was held that a defectively executed deed could be used in evidence as color of title. To the same point, *Seals v. Seals,* 165 N. C., 409; *Simmons v. Box Co.,* 153 N. C., 257. A deed is good as color of title, though improperly admitted to probate. *Brown v. Brown,* 106 N. C., 451; *Davis v. Higgins,* 91 N. C., 382.

The defendant also excepted to the introduction of the deed from the Virginia Trust Company and others to the plaintiff, dated 4 September, 1906, because the wives of the beneficiaries who signed that deed jointly with the Virginia Trust Company did not join in its execution with their husbands. This cannot defeat the reception of the deed as evidence, for if it had any effect it would merely touch the amount of the estate conveyed by the deed. It was not necessary for the wives to sign, because their husbands joined in the deed, not for the purpose of conveying title to the property, but, as stated in the deed itself, in order to indemnify the Virginia Trust Company. The words which they used in the deed

are as follows: "In consideration of the Virginia Trust Company executing this conveyance, the said parties of the second part agree to indemnify and save harmless the Virginia Trust Company against any liability it may have incurred, or any claims and demands that may be asserted against it, by reason of its having accepted or held the title to the land or other property, hereinbefore described, as trustees for the parties of the second part, or those under whom they claim as beneficial owners, or by reason of its having executed this conveyance."

The deed from the American Iron and Steel Company to the Virginia Trust Company was an absolute deed in fee simple without any trust, express or implied, and the legal title to the property was vested absolutely and without conditions in the Virginia Trust Company, and that company certainly could convey a valid title to its grantee without any others joining in the execution of the deed. The objection of the defendant to this deed is upon the ground of the declaration therein that certain parties named paid the purchase money for the property.

Even if the parties joining in the deed executed by the Virginia Trust Company had been vested with the legal title, their execution of the deed would have conveyed their title subject only to the contingent right of dower of their wives. The joinder and privy examination of the wife is not necessary to a conveyance by the husband of his realty except in a deed of his duly "allotted" homestead. Const., Art. X, sec. 8; *Mayho v. Cotton,* 69 N. C., 289; *Joyner v. Sugg,* 132 N. C., 580; *Bruce v. Strickland,* 81 N. C., 267.

Most of the other exceptions taken on the trial have been abandoned, as they have not been brought forward in the defendant's brief (Rule 34 of this Court, 164 N. C., 551), and it does not seem to us that the other exceptions require discussion.

. No error.