MANUFACTURERS' FINANCE COMPANY ET AL. V. AMAZON COTTON
MILLS COMPANY ET AL.

(Filed 9 November, 1921.)

1. Contracts — Deeds and Conveyances — Registration — Certificates —
   Forms—Statutes.

　　The certificate for registration of a contract of sale of personal property
reserving title need not be in any particular form to meet the requirement
for registration, and is sufficient if it conforms in its material parts.
C. S., 3312.

2. Same—Venue—Parties—Acknowledgment.

　　Where the certificate for registration of a contract of sale of personal
property thereon appears to have been "subscribed before" a notary public,
with the seal attached showing the county, and has been certified to for
registration by the clerk of the court of that county, and in the caption
of the contract also appears the name of the county and state in which
it had been registered, and by reference to the certificate and the paper to
which it relates the names of the party sufficiently appears: *Held*, the
contract is sufficient in form for the purposes of registration as to the
venue, the name of the party, and as to its having been sufficiently
acknowledged; and the fact that it was sworn to as well as subscribed is
regarded as surplusage and immaterial. C. S., 3312.

APPEAL by plaintiffs from *Webb, J.,* August Term, 1921, of DAVIDSON.
This is an action to recover the balance due on sale of a motor truck,
and for the possession of the truck, title to which was retained as
security. The purchaser, who is insolvent, having sold the truck to his
codefendant, the cotton mills, the only defense set up is by said cotton
mills that the acknowledgment to the contract retaining title is insuffi-
cient. The court so held, and plaintiffs appealed.

*Brooks, Hines & Smith for plaintiffs.*
*Raper & Raper, and H. R. Kyser for cotton mills.*

CLARK, C. J. The sufficiency of the acknowledgment to the condi-
tional sale retaining the title to the truck is the sole question. The
instrument is full and in regular form in all respects, and was regis-
tered at the time the sale was made, as was required. C. S., 3312. Said
contract begins with the heading "State of North Carolina, county of
Davidson," and specifically stipulates "The title to said property is to
remain in the vendor until the notes are fully paid." It is signed by
the purchaser under seal, and has this acknowledgment:

　　"Signed, sealed and delivered in the presence of _____.
Subscribed and sworn to before me this 17 April, 1920. In witness
whereof I have hereunto set my hand and seal this day and date above

written. R. L. Pope, N. P." (Here follows the seal of the notary public, with the addition of the sentence, "My commission expires 16 October, 1921"), and the following:

"North Carolina, Davidson County, in Superior Court. The foregoing certificate of R. L. Pope, N. P., of Davidson County, attested by his official seal, is adjudged to be in due form and according to law. Let the instrument and certificate be registered. Witness my hand this 24 April, 1920. S. J. Smith, C. S. C." The paper was filed for registration on that same day and duly recorded as certified by the register of deeds.

The defendants objected on the ground that said contract was improperly acknowledged and not entitled to registration. The court sustained the objection, to which the plaintiff excepted and submitted to a voluntary nonsuit, which ruling is assigned as error. The defendants contend that the acknowledgment is insufficient in that the venue is not stated; that the name of the grantor does not appear in the body of the acknowledgment, and the acknowledgment does not mention the instrument to which it relates; that the word "acknowledge" is not used; that the identical words used in the statute are not used in the acknowledgment, which is in the form of an affidavit.

The authorities are uniform that the certificate will be upheld if the place can be ascertained with reasonable certainty by an inspection of the whole instrument. 1 R. C. L., 283; 108 A. S. R., 543, note.

"It is a rule of universal application that a literal compliance with the statute is not to be required of a certificate of acknowledgment, and that, if it substantially conforms to the statutory provisions as to the material facts to be embodied therein, it is sufficient." 1 Cyc., 582.

The venue is stated in the beginning of the contract as North Carolina, Davidson County; the seal of the notary shows him to be a notary public of that county, and the clerk of the Superior Court certifies that he is such.

The failure to name the party in the certificate of acknowledgment is not material when, as here, it appears on the same paper and refers to the instrument which is certified by the notary to be "subscribed before him." 1 R. C. L., 284; 72 S. A. R., 927. The use of the word "acknowledge" is not essential if its equivalent is used. The officer certifies that this paper was subscribed in his presence, which is a sufficient acknowledgment, and the fact that it is sworn to in nowise detracts from the sufficiency. This was unnecessary and surplusage.

In this State we have cases exactly in point. In *Starke v. Etheridge,* 71 N. C., 240, where a deed was proven before the clerk of the court, who wrote opposite the witness' name the word "jurat," and the clerk testified that the witness did in fact acknowledge the deed, this was

held sufficient. This case was cited and approved in *Quinnerly v. Quinnerly,* 114 N. C., 147, which held that the recital in the probate that the mortgagees "had procured the paper to be proven" was sufficient. In *Devereux v. McMahon,* 102 N. C., 287, where the certificate was simply that "the execution of the deed was this day proven," it was held sufficient, the Court saying that if the essential elements appear the certificate will be upheld regardless of mere form. In *Moore v. Quickle,* 159 N. C., 130, the Court approved the above authorities and held that a presumption arises from the registration of the deed that the probate was by the proper officer and was properly proven by ·him. The same authorities are cited and approved in *Power Corp. v. Power Corp.,* 168 N. C., 221.

The simple question, therefore, is whether the above certificate of the notary public, who was certified to be such by the clerk of the Superior .Court (and which was on the instrument duly admitted to registration by the register of deeds, on the adjudication of the clerk) that the instrument had been "subscribed and sworn to" before him was equivalent to its being acknowledged. It certainly amounted to this, and even more, but like the young lawyer who swore to his demurrer, this did not invalidate it.

Sir John Barrington (Judge) in his "Irish Sketches" says that an affidavit before him for resisting an officer in serving a writ, in the wilds of Connemara, averred that "the defendant poked his gun at the affiant through a crack in the door, and with an oath said that if the affiant did not leave there immediately the defendant would send the affiant's soul to hell, which the affiant *very believes he would have done."* The judge did not quash the warrant on account of the surplusage.

The paper being duly certified by the notary as "subscribed" before him was a plenary acknowledgment, and the additional words "and sworn to" certainly could not make it invalid.

Reversed.