ZEB VANCE NORMAN, TRUSTEE, AND THE BRANCH BANKING AND TRUST COMPANY, RECEIVER OF THE UNITED COMMERCIAL BANK, v. C. V. W. AUSBON, CLERK OF THE SUPERIOR COURT OF WASHINGTON COUNTY.

(Filed 25 May, 1927.)

**1. Deeds and Conveyances—Mortgages—Probate—Registration—Clerks of Court—Liens—Statutes.**

Where the clerk of the Superior Court is the grantee in a mortgage on lands, his passing upon the sufficiency of the probate before a notary public is a judicial act which the statute forbids, and cannot have the effect of giving his subsequent registration of the instrument priority of lien over a subsequent mortgage, properly probated and prior registered. C. S., 3305.

**2. Same—Statutes—Courts—Legislative Powers.**

The requirements of our statute as to certain other officials who shall pass upon the sufficiency of probate of mortgages when the clerk of the court is a mortgagee, in order to give priority of lien over those subsequently registered, must be observed in order for a valid registration of the instrument, it being a matter referred to the legislative branch of the Government, with which the courts may not interfere. C. S., 3305, 939 (3), 3929, 3293, 3309.

APPEAL by plaintiff from *Nunn, J.,* at April Term, 1927, of WASHINGTON.

*Zeb Vance Norman for plaintiffs.*
*Van B. Martin for defendant.*

ADAMS, J. This was a controversy without action, submitted under
C. S., 626, *et seq.* On 8 October, 1924, S. D. Davis and his wife executed
to the defendant a mortgage deed for a tract of land in Washington
County, known as the Abram Newberry Farm, to secure a note in the
sum of $2,820, due on 1 January, 1925. The acknowledgment of the
makers was taken on 9 October, 1925, before George W. Hardison, a
notary public, and the clerk's adjudication of the notary's certificate was
as follows: "The foregoing certificate of George W. Hardison, N. P.,
of Washington County, attested by his notarial seal, is adjudged to be
correct and in proper form. Let the instrument with the certificates be
registered. This 11 October, 1924. C. V. W. Ausbon, C. S. C." The
mortgage was registered on the same day—11 October.

On 8 October, 1924, S. D. Davis and his wife executed to the plaintiff
Zeb Vance Norman, as trustee for the United Commercial Bank, a deed
of trust on the Abram Newberry Farm, to secure a note in the sum of
$1,233.74, payable on 1 December, 1924; and on 9 October they acknowl-
edged the due execution of this deed before George W. Hardison, notary
public. On 29 October, 1924, the defendant adjudged the sufficiency of
the certificate and ordered that the deed be registered. Pursuant to the
order, it was registered the next day.

The plaintiffs contend that the defendant's adjudication that the
notary's certificate was sufficient is void because not authorized by any
statute; the defendant contends that it is valid, and that the mortgage,
by reason of its antecedent registration, has priority over the deed of
trust. His Honor held with the defendant, and adjudged that the lien
of the mortgage is prior and superior to the lien of the deed of trust.
Thereupon the plaintiffs excepted, and appealed.

The decisive question is whether in adjudging the sufficiency of the
notary's certificate the defendant, who was both clerk and mortgagee,
complied with the law in such way as to give the registration of the
mortgage priority over the deed of trust.

To admit a deed to probate is no less a judicial act than to take the
acknowledgment of the parties. If the proof is had before an official
other than the clerk or the deputy clerk of the Superior Court in which
the instrument is offered, the clerk or the deputy must examine the
certificate and adjudge whether the instrument shall be admitted to
registration. C. S., 3305. This examination is the exercise of a judi-
cial function and the clerk, if a party to the instrument, is as a rule
disqualified to serve in such a capacity. C. S., 939 (3); *White v.
Connelly,* 105 N. C., 65; *Freeman v. Person,* 106 N. C., 252. In some

instances the disqualification is removed by statute. All instruments which the law requires or permits to be registered may, if the clerk is a party or interested, be acknowledged or proved before "any justice of the peace of the county of said clerk." C. S., 3299. In another statute it is provided: "If the clerk of the Superior Court is a party to or interested in such instrument, such adjudication and order of registration shall be made by his deputy, or by the clerk of the Superior Court of some other county of this State, or by some justice of the Supreme Court of this State, or some judge of the Superior Court of this State. The acknowledgment of such instruments may also be made before a justice of the peace of said county, and the adjudication of the sufficiency of the certificate of said justice may be made by said clerk or his deputy." C. S., 3305.

The execution of mortgages and deeds of trust may be proved or acknowledged before the justices of the Supreme Court, the judges of the Superior Court, clerks, deputy clerks, commissioners of affidavits, notaries public, and justices of the peace (C. S., 3293); and it is manifest, we think, that the Legislature intended to serve a special and salutary purpose by restricting the certification of the clerk, when he is a party to the instrument, to such "acknowledgments as may be made before a justice of the peace of said county." In any event, we are not at liberty to exercise the legislative function of amending the statute by conferring jurisdiction upon officials from whom, no doubt, it was purposely withheld. The rule is clearly stated in 25 R. C. L., 963: "The courts have no legislative powers, and in the interpretation and construction of statutes their sole function is to determine, and within the constitutional limits of the legislative power to give effect to, the intention of the Legislature. They cannot read into a statute something that is not within the manifest intention of the Legislature, as gathered from the statute itself. To depart from the meaning expressed by the words is to alter the statute, to legislate and not to interpret. If the true construction will be followed with harsh consequences, it cannot influence the courts in administering the law. The responsibility for the justice or wisdom of legislation rests with the Legislature, and it is the province of the courts to construe, not to make, the laws." As the probate was defective, the registration of the mortgage imparted no constructive notice and gave the instrument no priority over the deed of trust. C. S., 3309; *Todd v. Outlaw,* 79 N. C., 235; *Lance v. Tainter,* 137 N. C., 249; *Fiber Co. v. Cozad,* 183 N. C., 600, 609; *Cowan v. Dale,* 189 N. C., 684; *Bank v. Tolbert,* 192 N. C., 126; *Woodlief v. Woodlief, ibid.,* 634.

The judgment is

Reversed.