G. W. McCLURE v. W. P. CROW AND LILLIE CROW, HIS WIFE, AND W. T. CROW AND LENA CROW, HIS WIFE.

(Filed 20 February, 1929.)

**1. Deeds and Conveyances—Requisites and Validity—Acknowledgment —Witnesses.**

In order to a valid probate of a deed to lands before a justice of the peace by an attesting witness, the witness must be sworn and his evidence taken by the probate officer as his judicial or *quasi*-judicial act.

42—196

McClure *v.* Crow.

**2. Same—Validating Void Deeds.**

Where the probate of a deed is fatally defective on its face as to the examination under oath of a subscribing witness, it is not open to proof as against the rights of an innocent subsequent purchaser that in fact the witness was examined by the probate officer, under oath, so as to show that in fact the witness was examined as the statute requires.

**3. Deeds and Conveyances — Recording and Registration — Notice — Acknowledgment.**

In order for a registered deed to give constructive notice to creditors or purchasers for value, the probate must not be defective upon its face as to a material requirement, and where the probate is taken upon the examination of an attesting witness it must actually or constructively appear upon the face of the probate that the certificate was made upon evidence taken of the subscribing witness under oath, and if not so appearing the registration of the deed is insufficient to give the statutory notice. C. S., 3309, 3293.

**4. Adverse Possession—Color of Title.**

Where the probate of a deed to lands is fatally defective it is not color of title against the grantor in a later registered deed, under sufficient probate, from a common grantee; but where there is evidence that title to the lands had been acquired under twenty years adverse possession this question should be submitted to the jury. C. S., 430.

APPEAL by plaintiff from *MacRae, Special Judge,* at April Term, 1928, of CHEROKEE.

The plaintiff alleged that he was the owner of a tract of land containing 140 acres, and that the defendants claimed title thereto. He brought suit to have the claim of the defendants declared void as a cloud upon his title. The defendants denied that the plaintiff had title to the land, alleged that they were the owners in fee, and prayed that the plaintiff's claim be declared a cloud upon their title and adjudged to be of no effect. Both parties claimed title under one A. C. Berry.

The plaintiff introduced a grant for the land in controversy (No. 3472) to D. F. Ramsour, dated 12 June, 1871, and registered 8 January, 1872; also a deed from A. C. Berry to the plaintiff dated 27 February, 1903. This deed purports to have been signed under seal by A. C. Berry and to have been witnessed by E. F. Burgess and W. L. McNabb. The certificate and probate are as follows:

State of North Carolina—Cherokee County—ss.

Before me, U. S. G. Phillips, a justice of the peace of said county, personally appeared' W. L. McNabb, the within named witness, with whom I am personally acquainted, and who acknowledged that he saw the deed signed by A. C. Berry for the purposes therein expressed.

Witness my hand and seal of office on this 28th day of December, 1906.                    .   ...                .                .   .   U. S. G. PHILLIPS,
*Justice of the Peace.*

North Carolina—Cherokee County.

The foregoing certificate of U. S. G. Phillips, a justice of the peace in and for the county of Cherokee and State of North Carolina, attested by his ................ seal, is adjudged to be correct and sufficient; therefore, let the instrument with certificate be registered.

Witness my hand this the 31st day of December, A.D. 1906.

A. A. Fain,<br>Clerk Superior Court.

Upon the certificate and probate the deed was registered 31 December, 1906.

The trial judge held that the certificate of the justice and the probate of the clerk were insufficient in law, and that no title passed to the plaintiff by virtue of the deed. He held in addition, the parties claiming from a common source, that the deed was not effective as color of title.

The plaintiff withdrew her motion for voluntary nonsuit, the defendants offered evidence, and at the conclusion of the evidence the defendants' motion to nonsuit the plaintiff on his cause of action was allowed. Upon the defendants' counterclaim two issues were submitted, and to each the jury gave an affirmative answer: 1. Are the defendants the owners of the land described in the complaint and answer? 2. Does the plaintiff's claim constitute a cloud upon the title of the defendants? It was therefore adjudged that the defendants are the owners of the land; that the plaintiff's claim is a cloud on the defendants' title, and that it be canceled and removed. The plaintiff appealed upon assignments of error which are set out in the opinion.

D. Witherspoon and M. W. Bell for the plaintiff.
Moody & Moody and J. D. Malonee for defendants.

Adams, J. The plaintiff and the defendants claim the land in controversy under A. C. Berry as a common source of title. The deed from Berry to the plaintiff was dated 27 February, 1903, and registered 31 December, 1906; the deed from Berry to W. T. Crow was dated 18 February, 1909, and registered 1 February, 1910.

No conveyance of land shall be valid to pass any property, as against creditors or purchasers for a valuable consideration, from the donor, bargainor or lessor, but from the registration thereof in the county where the land lies, and no notice however full and formal as to the existence of a prior deed can take the place of registration. C. S., 3309; Allen v. R. R., 171 N. C., 339; Dye v. Morrison, 181 N. C., 309; Wimes v. Hufham, 185 N. C., 178. Taking the acknowledgment or proof of a deed or admitting it to probate is a judicial or quasi-judicial

act, and if the acknowledgment or proof of probate is defective on its face the registration of the instrument imparts no constructive notice and the deed will be treated as if unregistered. *Norman v. Ausbon,* 193 N. C., 791; *Bank v. Tolbert,* 192 N. C., 126; *Woodlief v. Woodlief, ibid.,* 634; *Cowan v. Dale,* 189 N. C., 684; *Fibre Co. v. Cozad,* 183 N. C., 600; *King v. McRackan,* 168 N. C., 621; *Withrell v. Murphy,* 154 N. C., 82; *Allen v. Burch,* 142 N. C., 524; *Long v. Crews,* 113 N. C., 256.

The execution of all deeds of conveyance may be proved or acknowledged before any one of designated officials. C. S., 3293. They shall be acknowledged by the grantor or his signature shall be proved on oath by one or more witnesses in the manner prescribed by law; and all deeds executed and registered according to law shall be valid. C. S., 3308. The substantial form of the grantor's acknowledgment is prescribed in section 3323. "Probate of a deed is taken by hearing the evidence touching its execution; *i. e.,* the testimony of witnesses, or the acknowledgment of the party, and from that evidence *adjudging the fact* of its due execution." *Pearson, J.,* in *Simmons v. Gholson,* 50 N. C., 401. If the execution of a deed is to be proved by a subscribing witness the statute requires an examination of the witness upon his oath. The reason is given in *Holmes v. Marshall,* 72 N. C., 37: "If no probate by oath were required, it would probably happen that many false and unreal deeds, etc., would be registered, and the public would have no probable ground to believe in the genuineness of any of them." There must, therefore, be a substantial compliance with the statutory requirement. *Devereux v. McMahon,* 102 N. C., 284; *Finance Co. v. Cotton Mills,* 182 N. C., 408; *Woodlief v. Woodlief, supra.*

The registration of a deed on a probate which is apparently regular is prima facie evidence of its due execution. *Strickland v. Draughan,* 88 N. C., 315; *Quinnerly v. Quinnerly,* 114 N. C., 145; *Mabe v. Mabe,* 122 N. C., 552; *Cochran v. Improvement Co.,* 127 N. C., 386; *Power Co. v. Power Co.,* 168 N. C., 219. It is otherwise when the probate upon its face is fatally defective. From a certificate that a deed was "duly proved" it may be understood that the execution was shown by the oath of the subscribing witness, or that his death was proved and his handwriting duly established; but, as said in *Horton v. Hagler,* 8 N. C., 48, "when the certificate enters into detail and shows in what manner the deed was proved, the inquiry into the legality of proof is open to the court." *Howell v. Ray,* 92 N. C., 510; *Evans v. Etheridge,* 99 N. C., 43; *Anderson v. Logan, ibid.,* 474; *Lance v. Tainter,* 137 N. C., 249; *Cozad v. McAden,* 148 N. C., 10; *Wood v. Lewey,* 153 N. C., 401; *Shingle Mills v. Lumber Co.,* 171 N. C., 410; *Ibid.,* 178 N. C., 221; *Fibre Co. v. Cozad,* 183 N. C., 600.

In *Starke v. Etheridge,* 71 N. C., 240, one of the agreed facts was that the deed had been proved on the oath of the subscribing witness, and the clerk endorsed upon the deed as a memorial of the proof the word "jurat," the primary meaning of which, the court said, is "sworn," the derivative meaning being "proved." *Moore v. Quickle,* 159 N. C., 128. It is with this fact in mind that we must interpret the clause, "the witness did in fact acknowledge the deed," appearing at the bottom of page 409 in *Finance Co. v. Cotton Mills, supra.*

Our opinion is that the probate of the deed in question is defective, the mere acknowledgment by the witness that he saw the deed signed by Berry falling short of the plain requirement that the execution must be proved by the witness on his oath.

The plaintiff offered to prove by the justice of the peace who took the "acknowledgment" of McNabb, one of the subscribing witnesses, and by McNabb himself, that McNabb testified on oath before the justice that Berry signed the deed in the presence of both witnesses. We find no error in the exclusion of this evidence. Neither *Starke v. Etheridge, supra,* nor *Quinnerly v. Quinnerly, supra,* nor *Bailey v. Hassell, supra,* supports the appellant's position. The first two of these cases hold that evidence is admissible to show that what purports to be a deed is a forgery, or that it was executed by a married woman or an infant, or that it was not properly executed, and that the registration of an instrument may be impeached in this way or supported by evidence tending to sustain the officer's finding as stated in his certificate. *Bailey v. Hassell, supra,* which was a controversy between the immediate parties or their representatives, is not authority for the position that parol evidence may be heard, long after the rights of innocent third parties have intervened, to validate an invalid probate by adding to or contradicting its terms. The opposite conclusion is maintained in *Butler v. Butler,* 169 N. C., 584: "There is much conflict of authority as to the power of a judicial officer to amend his certificate of probate after the instrument he is probating has passed from his hands, but it seems that the weight of authority is against the exercise of the power (1 Devlin on Deeds, sec. 539, *et seq.),* and all agree that it is a power fraught with many dangers. The higher judicial tribunals are not permitted to correct their records without notice to the parties and without an opportunity to be heard, and if the position of the defendant can be maintained, a justice of the peace, who has no fixed place for the performance of his official duties, may at any time, and when parties cannot be heard, change his certificate of probate and materially affect the titles to property." And this conclusion is supported by an array of authorities cited in the concurring opinion of *Walker, J.*

The plaintiff next insisted that his deed is color of title, citing three cases which we think are not in point. In *Smith v. Proctor,* 139 N. C., 314, it was held that a tax deed conveying the interest of a life tenant is not color of title against the remaindermen; in *Norwood v. Totten,* 166 N. C., 648, the defendants were the grantor's heirs; and the decision in *Power Co. v. Power Co., supra,* is obviously not applicable to the present case.

In *Austin v. Staten,* 126 N. C., 783, the plaintiff and the defendants claimed under the same parties. The plaintiff's deed was dated and registered on 31 March, 1896, and that of the defendants was dated 3 December, 1887, and registered 3 May, 1897. Under the registration act the plaintiff had the superior right because his deed had been first registered, and the defendant's contention that his deed was color of title was disallowed. In this conclusion we find no error. *Collins v. Davis,* 132 N. C., 106; *Janney v. Robbins,* 141 N. C., 400; *Gore v. McPherson,* 161 N. C., 638; *Moore v. Johnson,* 162 N. C., 267; *King v. McRackan, supra; Johnson v. Fry,* 195 N. C., 832.

We are of opinion, however, that his Honor erred in directing a verdict upon the two issues set out in the judgment. There is at least some evidence of the plaintiff's adverse possession of the land for a period of twenty years. C. S., 430. *Johnson v. Fry, supra.* For this reason the appellant is entitled to a

New trial.