R. C. FREEMAN AND C. A. McNEIL v. CHAS. C. MORRISON.

(Filed 12 October, 1938.)

1. **Vendor and Purchaser § 39—**

A purchaser takes title subject to a lease recorded prior to the registration of his deed. In this case the lease was recorded ten minutes prior to the registration of the deed.

2. **Deeds § 3: Acknowledgment—**

Certificates of acknowledgment will be liberally construed and will be upheld if in substantial compliance with the statute. Michie's Code, 3323.

3. **Same—**

The word "acknowledgment," as used with respect to the execution of instruments, describes the act of personal appearance before a proper officer and there stating to him the fact of the execution of the instrument as a voluntary act.

4. **Same—**

An acknowledgment taken by a notary public is presumed to be regular, and when the clerk certifies the instrument for registration his certificate implies that every requirement of law has been met, unless the instrument or the certificates themselves disclose a material omission.

5. **Same—Acknowledgment in this case held sufficient to sustain probate and registration.**

The lease involved in this case had subscribed the following notary's certificate: "Acknowledged to before me, this June 4th, 1936. Mary L. Mathis, N. P. My commission expires June 25—36." *Held:* The following facts required by the statute, N. C. Code, 3323, to be shown by acknowledgments, appear from the acknowledgment or by direct reference to the instrument acknowledged: (1) Name and title of the official taking the acknowledgment; (2) name of the grantor; (3) personal appearance of the grantor before the officer; (4) acknowledgment of grantor to the officer of the execution of the instrument; (5) date; and (6) signature of the officer and the seal required for the instrument; the fact of personal appearance of the lessor being assumed from the meaning of the word "acknowledged" used in the notary's certificate, and from the presumption of regularity of acts of public officers, and the acknowledgment is in substantial compliance with the statute and supports probate and registration.

APPEAL by plaintiffs from *Clement, J.*, and a jury, at July Term, 1938, of SURRY. No error.

FREEMAN *v.* MORRISON.

This is an action brought by plaintiffs to recover of the defendant a certain piece of land, 75 feet by 75 feet, on which is located a filling station, in the town of Elkin, Surry County, N. C., and rent for the premises."

The plaintiffs claim under deed dated 23 March, 1937, from W. S. Gough (widower). The deed was filed for registration on 24 March, 1937, at 10:40 o'clock a.m., and duly registered in Book 129 of Deeds, on page 178, etc.

The defendant claims under a lease from W. S. Gough of the *locus in quo* for a period of five years to start 17 June, 1935, and terminating 16 June, 1940. This lease was filed for registry at 10:30 a.m., 24 March, 1937, in the office of the register of deeds and duly recorded. The lease stipulated that the rental should be 1c a gallon on gasoline sold.

The defendant introduced (1) a check payable to the order of McNeil & Freeman for $18.92—"Rent for 4th month." (2) A sales slip "Received for rent $14.98."

The plaintiffs offered the following testimony in rebuttal: "Plaintiffs offered in evidence the original instrument, dated 1 June, 1935, signed by W. S. Gough, C. C. Morrison and Leslie Morrison, which is offered for the purpose of attack only. This instrument was admitted and marked Plaintiffs' Exhibit B, a photostatic copy of which is attached to this case on appeal."

The court below charged the jury as follows: "Gentlemen of the jury: There is only one issue submitted to you in this case, 'Are the plaintiffs entitled to the possession of the lands described in the affidavit in this cause?' If you find the evidence to be true as testified to by the witnesses, and as shown by the record evidence, the court instructs you to answer the issue 'No,' and with your permission I will answer it for you."

The issue submitted to the jury and their answer thereto is as follows: "Are the plaintiffs entitled to possession of the lands described in the affidavit in this cause? Answer: 'No.'"

The court rendered judgment on the verdict. The plaintiffs made the following exceptions and assignments of error . and appealed to the Supreme Court.

"1. The court erred in admitting the evidence, over the objection of the plaintiffs, page 9 of Book 130, in the office of register of deeds of Surry County, and allowing the instrument appearing thereon to be read to the jury.

"2. The court erred in refusing to strike out the record, on page 9 of Book 130.

"3. The court erred in instructing the jury as follows: 'If you find the evidence to be true as testified to by the witness, and as shown by the

record evidence, the court instructs you to answer that issue "No," and with your permission, I will answer it for you.' "

*Folger & Folger for plaintiffs.*
*Earl C. James for defendant.*

CLARKSON, J.   The lease herein involved was recorded ten minutes prior to the deed of plaintiffs. Accordingly, if the acknowledgment, probate and registration of defendant's lease was regular, it takes precedence.   N. C. Code, 1935 (Michie), secs. 3308, 3311.   *Knowles v. Wallace,* 210 N. C., 603 (606).   However, plaintiffs contend that the acknowledgment of the lessors' execution of the lease was in form insufficient to predicate a valid probate and registration of the lease.

Immediately following the signature and seals of the lessors at the end of the lease, there appeared the following:

"Witness:
        Clay L. Church.
        (Seal.)
"Acknowledged to before me, this June 4th, 1936.
                                        Mary L. Mathis, N. P.
"My commission expires June 25—36."

Upon this acknowledgment the order of probate and the registration were made.   Was this acknowledgment sufficient?   The answer is "Yes."

As early as *Horton v. Hagler,* 8 N. C., 48, it was held that when the clerk of a court of record certifies that an instrument has been "duly proved," it is implied that everything required by law has been complied with, upon the maxim, *res judicate pro veritate accipitur.*   But when the record also states how it was to be proved and admits a material circumstance required by law the certificate of due proof is disregarded because the certificate itself shows that it was not duly proved.   See *Starke v. Etheridge,* 71 N. C., 240, 246; *McClure v. Crow,* 196 N. C., 657, 660.   In the instant case, section 3323, N. C. Code, 1935 (Michie), is pertinent; there a model form of acknowledgment is given as follows:

"North Carolina, ...........................County.

"I (here give name of the official and his official title), do hereby certify that (here give the name of the grantor or maker), personally appeared before me this day and acknowledged the due execution of the foregoing instrument.   Witness my hand and (where an official seal is required by law) official seal, this the ...........day of .............. (year).
        "(Official Seal.)              ................ .......................................................
                                        Signature of Officer."

This section requires that "the form of acknowledgment shall be in substance" that of the statutory model. The precise question here is whether the acknowledgment of the lease is a substantial compliance with the requirements of the statute; this question is here answered in the affirmative.

Upon analysis of the statute it is apparent that the following facts should appear in the certificate, either by incorporation or direct reference to the instrument acknowledged: (1) Name and title of the official taking the acknowledgment; (2) name of grantor; (3) personal appearance of the grantor before the officer; (4) acknowledgment of grantor to the officer of the execution of the instrument; (5) date; and (6) signature of the officer, and, if required by law otherwise, his seal. An examination of the lease and acknowledgment in the instant case, when taken together, clearly reveals each of these facts, with the possible exception of the fact of the personal appearance of the lessor before the notary. As to this item, it does not affirmatively appear that the lessor did not come before the notary; the contrary is clearly implied in the statement that he "acknowledged" the lease before the notary. The factual possibility of this assumption is strengthened by the realization that the word "acknowledge," as used with respect to the execution of instruments, is a "short-hand" expression descriptive of the act of personal appearance before a proper officer and there stating to him the fact of the execution of the instrument as a voluntary act. In both *Starke v. Etheridge,* 71 N. C., 240, and *Moore v. Quickle,* 159 N. C., 129, the single word "jurat" was interpreted to mean "proved," within the requirements of our law, and in *Finance Co. v. Cotton Mills,* 182 N. C., 408, "subscribed and sworn to" was treated as the equivalent of "acknowledged." Such a liberal interpretation of the meaning of the word "acknowledge" is here adopted in this case. The presumption of regularity attaching to the act of every public officer also supports this view. In *Power Corp. v. Power Co.,* 168 N. C., 219, 221, it was stated: "In *Quinnerly v. Quinnerly,* 114 N. C., 147, it is said: 'There was no evidence to show that the probate here was insufficient. The presumption is that it was properly taken.'" This presumption of regularity attaches generally to judicial acts; and, as pointed out in *McClure v. Crow,* 196 N. C., 657, at pp. 659-660, "Taking the acknowledgment of proof of a deed or admitting it to probate is a judicial or *quasi*-judicial act." To the same effect, see *Best v. Utley,* 189 N. C., 356, 362.

The conclusion here adopted is in agreement with the authorities generally. "Probably in all jurisdictions the courts strongly advocate a liberal interpretation of the statutes, in order that acknowledgments may be upheld whenever there has been a substantial compliance with the law and no suspicion of fraud or unfairness attaches to the transaction. . . . Acknowledgments also are aided by the presumption that public

officers do their duty, and in further support of the officer's certificate resort may be had to the instrument acknowledged." 1 Am. Jur., "Acknowledgments," sec. 169, at p. 388. "The courts uniformly give to certificates of acknowledgment a liberal construction, in order to sustain them if the substance be found, and the statute has been substantially observed and followed. It is accordingly a rule of universal application that a literal compliance with the statute is not to be required of a certificate of acknowledgment, and that, if it substantially conforms to the statutory provisions as to the material facts to be embodied therein, it is sufficient." 1 C. J., "Acknowledgment," sec. 183, p. 841. See, also, secs. 183, 184, pp. 842-843. "The certificate, as regards its form and contents must substantially meet the requirements of the statute. . . . The form is sometimes given in the statute, but usually such form is only a suggestion of what is sufficient, and not strictly obligatory." 4 Thompson, Real Property, sec. 3774, p. 846. "The policy of the law favors registration and will not suffer its purpose and effect to be defeated on account of immaterial omissions, patent mistakes, and inartificial expressions in the certificate. As a rule, the courts have given a liberal construction to the ordinary certificate of acknowledgment, and have permitted the omission of entire phrases of a formal character, although contained in the specific form prescribed by the statute." Webb, Record of Title, 2nd Ed., 79, p. 136. "It is not necessary that the exact language of the statutory requirements be followed, provided the necessary facts are expressed in words of substantially equivalent import. In fact, it is the policy of the law to construe certificates of acknowledgment liberally, and not allow them to be defeated by technical or unsubstantial objections, provided they are sufficient to serve the purpose for which used, and are in fairly substantial conformity with the requirements of statute." Patton, Land Titles, sec. 204, pp. 689-690.

We hold that the acknowledgment in the lease herein considered, although technically inexact and informally stated, to be in substantial conformity to the requirement of our statute.

We find in the record