IN THE MATTER OF THE ESTATE OF GEORGE B. BURLESON, DECEASED

No. 7424SC841

(Filed 4 December 1974)

1. Deeds § 6; Wills § 3— difference between attestation and acknowledgment

    An acknowledgment is a formal declaration or admission before an authorized public officer by a person who has executed an instru-

In re Estate of Burleson

ment that the instrument is his voluntary act and deed, while an attestation is the act of a third person who witnessed the actual execution of an instrument and subscribed his name as a witness to that fact.

2. **Wills § 61— failure to file formally acknowledged dissent — dissent invalid**

Petitioner's dissent to her husband's will was invalid within the requirements of G.S. 30-2(b) where she had her dissent signed by a subscribing witness but she did not file a formally acknowledged dissent.

APPEAL by petitioner Pearl B. Burleson from *Thornburg, Judge,* 15 April 1974 Session of Superior Court held in MITCHELL County. Argued before the Court of Appeals 21 November 1974.

George B. Burleson died testate on 1 November 1970. He is survived by his widow, the petitioner in this action, Pearl B. Burleson. Respondents are the five surviving children of a previous marriage and the survivors of a sixth deceased child. Petitioner is the third spouse of George B. Burleson. No children were born of their marriage.

Testator's will and codicil were probated, and letters testamentary were issued to one Warren Pritchard on 10 November 1970. On 13 November 1970 petitioner Pearl B. Burleson filed a purported dissent to the will with the Clerk of Superior Court of Mitchell County. The dissent was signed by petitioner and by one Charles Thomas as a witness, but it was not acknowledged. The clerk denied petitioner's dissent to the will on the grounds that the dissent was "not filed in the manner and within the time provided for in subsections 30-2(a), (b) and (c) of North Carolina General Statutes. . . ."

Petitioner appealed to the judge of Superior Court. Petitioner filed affidavits averring that she did not have the dissent acknowledged because a lawyer had told her that it did not have to be acknowledged. The judge affirmed the clerk's order denying the dissent, and petitioner appealed to this Court.

*G. Edison Hill, for the petitioner-appellant.*

*Pritchard & Hise, by Lloyd Hise, Jr., and Gudger & Sawyer, by Lamar Gudger, for the respondents-appellees.*

BROCK, Chief Judge.

[1] G.S. 30-2(b), governing the time and manner of dissent, provides that "[t]he dissent shall be in writing signed and

acknowledged by the surviving spouse or his or her duly authorized attorney; . . ." An acknowledgement is a formal declaration or admission before an authorized public officer by a person who has executed an instrument that the instrument is his voluntary act and deed. 1 C.J.S. *Acknowledgments* § 1; *Freeman v. Morrison*, 214 N.C. 240, 199 S.E. 12 (1938). It is different "from an attestation in that an attestation is the act of a third person who witnessed the actual execution of an instrument and subscribed his name as a witness to that fact, . . ." 1 C.J.S. *Acknowledgments* § 1.

[2] Petitioner contends that by having her dissent signed by a subscribing witness, she substantially complied with G.S. 30-2(b). Petitioner urges this Court to note that her attorney advised her that attestation by a subscribing witness would be sufficient. She asserts that her failure to file a formally acknowledged dissent should not result in her being denied the right to dissent.

In 1959 the legislature, in an effort to avoid disputes concerning the genuineness of dissents, amended the statute to provide that dissents must be acknowledged. 1959 N. C. Session Laws, ch. 880. To hold that the signature by a subscribing witness satisfies the acknowledgment required by G.S. 30-2(b) would constitute judicial repeal of the 1959 amendment.

Petitioner relies on the case of *Philbrick v. Young*, 255 N.C. 737, 122 S.E. 2d 725. That case was decided under 1943 statutory law and is not supportive of petitioner's position.

Although we sympathize with petitioner, we are compelled to hold that her dissent was invalid within the requirements of G.S. 30-2(b). The statute is an expression of legislative policy which we will not vitiate.

Affirmed.

Judges CAMPBELL and HEDRICK concur.