IN THE MATTER OF: BEULAH M. HESS, DECEASED

No. 9029SC1068

(Filed 3 September 1991)

**Wills § 61 (NCI3d) — dissent to will — sufficiency of acknowledgment**

The acknowledgment on a dissent to a will substantially complied with the requirements of N.C.G.S. § 47-38 where the name and title of the official taking the acknowledgment, a notary, was provided; the dissent was signed by the maker and his witness; their personal appearance was indicated by the phrase "sworn to and subscribed before me"; the date and year of the acknowledgment were provided; and the notary's signature and seal were affixed thereto.

**Am Jur 2d, Acknowledgments §§ 12, 24, 31; Wills § 844.**

APPEAL by respondent from order entered 18 July 1990 in HENDERSON County Superior Court by *Judge William C. Griffin.* Heard in the Court of Appeals 20 March 1991.

*Van Winkle, Buck, Wall, Starnes & Davis, P.A., by Michelle Rippon and Robert H. Haggard, for petitioner-appellee.*

*Prince, Youngblood, Massagee & Jackson, by Kenneth Youngblood and Sharon B. Ellis, for respondent-appellant.*

WYNN, Judge.

In this appeal, respondent seeks to overturn the order allowing amendment of a certificate of acknowledgement to a dissent filed by petitioner, Selvin J. Hess, ("Selvin"). For the reasons which follow, we affirm the decisions of the trial judge.

Beulah M. Hess died testate on 23 September 1988. She was survived by her widower, the petitioner in this action, Selvin J. Hess, ("Selvin") and her son, the respondent, Macklin Lamar Hess, ("Macklin").

Mrs. Hess's will was admitted to probate and respondent, Macklin, qualified as executor pursuant to the will on October 17, 1988. On February 15, 1989, petitioner filed a "Notice of and Election of Dissent From the Will of Deceased." The notice was signed by petitioner and witnessed by W.J.W. Howe. Below their signatures appeared the following:

**IN RE HESS**

[104 N.C. App. 75 (1991)]

SWORN TO AND SUBSCRIBED BEFORE ME,
this the 14th day of
February, 1989.

_____Tillie B. Cairnes /s/_____

Notary Public

My commission expires: August 14, 1990.

Ms. Cairnes's notary public seal was appended to the page.

Upon motion of the estate, the clerk dismissed petitioner's dissent to the will on the grounds that the dissent failed to comply with the mandates of N.C. Gen. Stat. § 30-2(b) in that the acknowledgement did not state that the execution of the dissent was made personally and voluntarily.

On appeal to the Superior Court for Henderson County, the trial judge reversed the Clerk's order and allowed amendment to correct the defects in the acknowledgement and allowed the dissent. From that order, petitioner appealed to this court.

I

Respondent contends that the dissent in this case was invalid because the purported acknowledgement failed to state that the affiant personally and voluntarily acknowledged the making of the dissent. He also argues that since the dissent failed to comply with N.C. Gen. Stat. § 30-2(b), the trial judge was without jurisdiction to allow the dissent to be amended to conform with the statutory requirements.

In support of his first argument, respondent cites *In re Estate of Burleson*, 24 N.C. App. 136, 210 S.E.2d 114 (1974). In *Burleson*, this court stated,

> An acknowledgement is a formal declaration or admission before an authorized public officer by a person who has executed an instrument that the instrument is his voluntary act and deed. It is different from an attestation in that an attestation is the act of a third person who witnessed the actual execution of an instrument and subscribed his name as a witness to that fact, . . . .

*Id.* at 138, 210 S.E.2d at 115 (citations omitted).

In *Burleson*, the petitioner filed a purported dissent that was only signed by herself and a witness. This court held that the

signature of a subscribing witness without more was insufficient to meet the requirements of the statute for an acknowledgement. In the case at hand, we are asked to decide whether the signatures of the maker and witness attested by a notary public are sufficient to meet the requirements of Section 30-2(b).

Section 30-2(b) provides that an acknowledgement is required for a dissent to be valid, however, it does not provide the requirements for the form of such an acknowledgement. The requirements for the form of an acknowledgement are provided in N.C. Gen. Stat. § 47-38 (1984) which states:

> Where the instrument is acknowledged by the grantor or maker, the form of acknowledgement shall be *in substance* as follows:
>
> North Carolina, . . . . . . . County.
>
> I (here give the name of the official and his official title), do hereby certify that (here give the name of the grantor or maker) personally appeared before me this day and acknowledged the due execution of the foregoing instrument. Witness my hand and (where an official seal is required by law) official seal this the . . . . . . . . . . day
> (Official seal.)
> of . . . . (year).
>
> . . . . . . . . . . . . . . . .
> (Signature of officer.)

(Emphasis added.)

There is no requirement that the acknowledgement itself contain any magical language to show that it was executed personally and voluntarily by the affiant. In *Freeman v. Morrison*, our Supreme Court stated,

> The courts uniformly give to certificates of acknowledgement a liberal construction, in order to sustain them if the substance be found, and the statute has been substantially observed and followed. It is accordingly a rule of universal application that a literal compliance with the statute is not to be required of a certificate of acknowledgement, and that, if it substantially conforms to the statutory provisions as to the material facts to be embodied therein, it is sufficient.

214 N.C. 240, 244, 199 S.E. 12, 14 (1938) (citations omitted).

IN RE HESS

[104 N.C. App. 75 (1991)]

The *Freeman* court interpreted Section 3323 of the N.C. Code (1935), the verbatim precursor to Section 47-38, to require that the acknowledgement state in substance (1) the name and title of the official taking the acknowledgement; (2) the name of the maker; (3) personal appearance of the maker before the officer; (4) acknowledgement of the maker to the officer, and if required by law otherwise, the notary's seal. *Freeman*, 214 N.C. at 243, 199 S.E. at 13-14.

In the case at bar, the name and title of the official taking the acknowledgement, Tillie B. Cairnes, notary, is provided; the names of the maker as well as the witness, Selvin Hess and W.J.W. Howe, are provided; their personal appearances are ascribed by the phrase "sworn to . . . before me"; the date and year of the acknowledgement are provided; and, the notary's signature and her seal are affixed thereto. Further, the phrase "sworn to and subscribed before me" appears prominently below the signatures of the maker and witness. We find that this acknowledgement sufficiently complied with the requirements of *Freeman* in that it substantially conforms to the statutory provisions of Section 47-38. *Accord Manufacturers' Fin. Co. v. Amazon Cotton Mills Co.*, 182 N.C. 408, 109 S.E. 67 (1921) (holding that an instrument which was "subscribed and sworn to before" a notary public was equivalent to its being acknowledged).

Having concluded that the acknowledgement was properly executed, we need not address the question of whether the amendment was properly allowed, nor need we address the petitioner's cross-assigned error.

For the foregoing reasons, the decision of the Superior Court judge to allow the dissent is

Affirmed.

Judges ARNOLD and JOHNSON concur.