**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-1079**

_____

In re:  CYNTHIA A. BUTLER,

       Debtor.

_____

DANIEL C. BRUTON, Trustee in Bankruptcy for Cynthia A. Butler,

       Plaintiff - Appellant,

     v.

FIRST CITIZENS BANK & TRUST CO.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

       Defendants - Appellees.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:21-cv-00685-CCE-UA)

_____

Submitted:  August 15, 2022               Decided:  September 2, 2022

_____

Before NIEMEYER and MOTZ, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF**:  Daniel C. Bruton, BELL, DAVIS & PITT, PA, Winston-Salem, North Carolina, for Appellant.  Alan B. Powell, Andrew D. Irby, ROBERSON HAWORTH & REESE, PLLC, High Point, North Carolina; Stephanie E. Goodbar, Matthew P. Weiner,

POYNER SPRUILL, LLP, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel C. Bruton, the Chapter 7 trustee for debtor Cynthia A. Butler, appeals the district court's order affirming the bankruptcy court's order granting First Citizen Bank & Trust Co.'s and Mortgage Electronic Registration Systems, Inc.'s Fed. R. Civ. P. 12 (b)(6) motions to dismiss his adversary complaint.  Finding no reversible error, we affirm.

"In reviewing the judgment of a district court sitting in review of a bankruptcy court, we apply the same standard of review that was applied by the district court."  *Copley v. United States*, 959 F.3d 118, 121 (4th Cir. 2020).  Thus, "we review the bankruptcy court's legal conclusions de novo, its factual findings for clear error, and any discretionary decisions for abuse of discretion."  *Id.*

"A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the claims pled in a complaint."  *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021).  "[A] complaint must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).  To survive a motion to dismiss for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and sufficient "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  "Labels, conclusions, recitation of a claim's elements, and naked assertions devoid of further factual enhancement will not suffice."  *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 211 (4th Cir. 2019).  Further, in assessing the sufficiency of a complaint, "[w]e may also consider documents incorporated into the complaint by reference" or "attached to the motion to dismiss, so long as they are integral to the complaint and authentic."  *U.S. ex rel.*

3

*Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (internal quotation marks omitted).

The trustee has the power to "avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . . a bona fide purchaser of real property." 11 U.S.C. § 544(a)(3). The trustee's "right to avoid is determined by whether, under state law, a bona fide purchaser of the property would have taken the property subject to the lien. If a bona fide purchaser would not have taken it subject to the lien, then neither would the [t]rustee." *In re McCormick*, 669 F.3d 177, 180 (4th Cir. 2012). We conclude that the bankruptcy court correctly applied North Carolina law to determine that the notarial certificate at issue substantially complied with the law, Bruton failed to overcome the presumption of regularity, and thus Bruton could not avoid the lien. *See, e.g.*, *Freeman v. Morrison*, 199 S.E. 12, 13-15 (N.C. 1938); *Mfrs.' Fin. Co. v. Amazon Cotton Mills Co.*, 109 S.E. 67, 68-69 (N.C. 1921); N.C. Gen. Stat. § 10B-99(a) (2021).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4